JOHN D. HARDING v. LORENZO H. HARDING & TRUSTEE, AND JOHN A. CHILD, SUBSEQUENT ATTACHING CREDITOR.

*Trustee process—Subsequent attaching creditor may enter, &c.*

Where property is attached on two demands, and by two creditors of the debtor, and it turns out that a part or the whole of the consideration of the demand of the first attaching creditor is illegal, his attachment is wholly void, as against the subsequent attaching creditor.

It is competent, for a subsequent attaching creditor, who enters in a suit under the statute for the purpose of contesting the claim of a prior attaching creditor, to introduce any evidence contesting the validity of the claim, and showing that it is illegal and void as against subsequent attaching creditors, even if the testimony would be incompetent, if offered by the debtor himself.

A subsequent attaching creditor, under our statute,is authorized to appear and defend against prior attaching creditors, where property is attached under a trustee process.

TRUSTEE PROCESS, in *assumpsit*, upon a promissory note dated the first day of September, 1851, for the sum of $215,00 payable on demand, with interest, to the plaintiff, and signed by the defendant, Lorenzo H. Harding.

After the service of the said writ upon the defendant and trustees, the said John A. Child commenced a suit against the defendant, and summoned the same trustees, and also attached other property, attached in this action. The trustees disclosed that they were indebted to the defendant.

The said Child, by leave of the court, entered in this suit, to defend, as subsequent attaching creditor, under the statute.

The defendant did not appear or answer to the suit.

On trial, the plaintiff offered in evidence the note declared on; and the execution of the same, by the defendant, was admitted.

The subsequent attaching creditor then offered testimony, tending to prove that the said note was collusive and fraudulent between the plaintiff and defendant, and that the same was executed without any consideration, and with the mutual intent of the parties to hold the funds in the hands of the trustees, and prevent the same from being reached by the creditors of the defendant.

The plaintiff objected to this evidence, and insisted that the at-

ORLEANS COUNTY:

taching creditor could interpose no defence, nor introduce any evidence, that was not competent for the defendant himself to set up; but the court overruled the objection and admitted the same—to which the plaintiff excepted.

The plaintiff then introduced testimony, tending to prove that said note was given for a full and sufficient consideration, and for several loans of money by plaintiff to defendant, and for a debt assumed for him.

The County Court, December Term, 1852,—Poland J., presiding,—charged the jury, that if the note was wholly without consideration, or that if there was a partial consideration for the note, but not to the full amount, and that if the note was made larger for the fraudulent purpose between the plaintiff and defendant, to attach the funds and property of the defendant and hold them from his just creditors, then the note would be void as against creditors.

The jury returned a verdict for defendant. To the charge of the court as above stated, the plaintiff excepted.

*N. Boardman* for plaintiff.

1. All the authority that Child, the subsequent attaching creditor, has to defend this suit, he derives from the statute; see Comp. Stat. chap. 28 § 34.

This only authorizes him to contest the validity of the debt or claim—and in doing this, his rights are only co-extensive with the rights of the defendant.

2. But we insist, that he had no right to defend this suit as subsequent attaching creditor, and this is the view of the law taken by our last Legislature, who in accordance with it, made a special provision for subsequent attaching creditors, claiming by virtue of the *Trustee Process,* to appear, &c. See Acts of 1852, page 5.

3. The court erred in the charge. The jury should have been instructed, that if they found part of the note without consideration, so much only should be disallowed.

*Peck & Colby* for subsequent attaching creditor.

1. Child was not estopped from inquiring into the consideration of the note, or any collusion between the plaintiff and defendant to defeat creditors. The statute, by virtue of which he appears,

gives to him the privilege to "contest the validity of the debt," &c. Comp. Stat. 223 § 34.

2. A party having a claim, for which he is entitled to judg-ment against his debtor, with a priority of lien by attachment, has no right to add to his demand a sum not due, and take judgment for the whole. Such acts, of the first attaching creditor, vacate the whole attachment, as against subsequent attaching creditors; that part of the judgment which is good, being vitiated by that which is bad. *Fairfield* v. *Baldwin*, 12 Pick. 388. *Pierce* v. *Patridge*, 3 Met. 44. *Kendall* v. *Lawrence*, 22 Pick, 540. *Adams* v. *Paige*, 7 Pick. 542.

The opinion of the court was delivered by

ISHAM, J. The plaintiff has brought this action on a note ex-ecuted by the defendant Harding, upon which property was at-tached, and other defendants summoned as trustees. To this suit, the defendant, Harding, has made no appearance or defence.

A defence, however, is interposed by John A. Child, who sub-sequently commenced a suit against the defendant, and attached the same property, and summoned the same trustees; so that if he can be permitted to make this defence, and the same should be consid-ered sufficient, the property attached will be held solely for the payment and satisfaction of his claim. The trustees, in their dis-closure, acknowledge their indebtedness to the defendant, Harding.

On the trial of the case, the subsequent attaching creditor offer-ed evidence, to prove that the note was collusively executed and fraudulent, and made with the mutual intent to hold the funds in the hands of the trustees, and to prevent the property attached from being reached by the defendant's creditors. On the contrary, the plaintiff gave evidence, tending to prove that the note was giv-en for a sufficient consideration, and for money loaned, and debts assumed. The court charged the jury, that if the note was wholly without consideration, or if there was a partial consideration for the note, but not to the full amount, and if the same was made larger for the purpose of attaching and holding the property and funds from the creditors of the defendant, then the note would be void as against creditors. The jury having returned a verdict for the defendant, we are to assume, as a fact in the case, that the note was executed without consideration, or at least, was given for more

XXV. 32

than was due, and for the fraudulent purpose of keeping the property attached, from the reach of the defendant's creditors. Upon this fact, two questions have been presented in the case. It is insisted, that if the note was given in part for a good consideration, the plaintiff is entitled to a judgment thereon to that extent, and that the property attached can be held for the payment of that amount. And, in the second place, it is insisted, that a subsequent attaching creditor is not authorized under the statute, to appear and defend, where the property is attached under the trustee process; and that if he is so permitted, it is not competent for him to set up a defence, that the defendant himself could not make.

In relation to the objection, that the defence does not go to the whole note, when part of the consideration was good and lawful, and that to that extent the plaintiff is entitled to a judgment, it is to be observed, that the rule in many cases will follow as contended for, where part of the consideration is merely insufficient, without being illegal. But where part of the consideration is illegal, the entire contract fails, whether its illegality is rendered so by statute or common law. The rule is thus given in Chitty on Cont. 61, and note 3 ; and also on page 693, and note 2, and is fully sustained by the case of *Fairfield* v. *Baldwin,* 12 Pick. 388. In that case, it was held, "that if property is attached on two demands, one of them honest and the other fraudulent, the attachment is wholly void as against a subsequent attaching creditor." Upon these authorities the charge of the court was evidently correctly given; as the jury have found that a part, at least, of the consideration of this note was fraudulent, and made so by the defendant, to defraud his creditors, the whole note is void, and the note, as well as the attachment, is inoperative as against such creditors, or at least would be so, in suits brought by the creditors themselves, contesting the validity of the note and judgment.

The testimony is equally proper in this case, when offered by the subsequent attaching creditor. It is true, the testimony could not have been received, if offered by the defendant himself, who thus fraudulently executed the note. If the note was fraudulently given, it would be good, as against him; he could not avoid it by showing his own fraudulent act, neither would a court of law or of equity grant him relief therefrom, and the plaintiff would be entitled to recover the whole note as against him; still, the evi-

dence is manifestly proper, when offered by a subsequent attaching creditor; for as to him, the note and attachment is absolutely void.

The Comp. Stat. 223 § 34, authorizes the court, before whom the suit is pending, to permit a subsequent attaching creditor, of real or personal property, to enter an appearance and contest the *validity of the debt or claim,* on which a previous attachment is made. He is so far made a party to the suit, that he may on his own account prosecute the defence. The equity and spirit of this act extends to cases where debts and choses in action are attached, as well as other property; for the object of the act was to enable subsequent attaching creditors to protect for their benefit, any property which by law could be attached and held to respond the judgment that should be obtained by them, and in this manner to avoid subsequent litigation in relation to the property. And when such attaching creditor does thus appear, it is competent for him to introduce any evidence contesting the validity of the claim, and showing that it is illegal and void as against such creditors.

That the testimony offered has that effect, we have already considered.

The result is, that the judgment of the county court is affirmed.