FREDERICK CHAFFEE *v.* PATRICK MALARKEE, & HODGES & OWEN, SUBSEQUENT ATTACHING CREDITORS.

*Subsequent attaching creditors, their right of appeal.   Auditors to adjust the accounts of the parties to the time of the audit.   Plaintiff's lien on property attached.*

When subsequent attaching creditors are permitted to enter and defend, in a suit, before a justice of the peace, under the statute, they so far become parties to the suit, that they have the right of appeal, and can prosecute the same in the appellate court.

Auditors by statute, (Comp. Stat. 290 § 9,) are required in taking the account of the parties on book, to examine and adjust the same to the time of the audit; and the plaintiff is also entitled to hold any lien or security that he may have obtained by attachment, for the payment of the balance which he may recover.

And whenever any creditor makes a subsequent attachment of the same property, it is made subject to this duty imposed by statute on the auditor, and also to this right given to the plaintiff to hold the lien or security on the property attached.

The rule would probably be otherwise, if there was actual fraud practised between the plaintiff and defendant, for the purpose of defeating the lien of the subsequent attaching creditors.

BOOK ACCOUNT. This cause was brought to the county court by appeal, of the subsequent attaching creditors of the defendant, from the judgment of a justice of the peace.

At the September Term, 1853, of the County Court,—PIER-POINT, J., presiding,—the plaintiff moved to dismiss the appeal, on the ground that no appeal could by law be taken by the said subsequent attaching creditors.

The court overruled the motion and adjudged that said Hodges & Owen, as subsequent attaching creditors had the right to appeal, and that said cause was properly in court by their appeal. To this decision and judgment of the court the plaintiff excepted.

The cause was duly sent to an auditor, who reported substantially the following facts:

That upon the hearing before the auditor, the plaintiff and the creditors, Hodges & Owen, appeared at the time and place appointed; but that the defendant, Malarkee, did not appear, and that no defence was made by him to any part of the plaintiff's account. That the creditors admitted all of the plaintiff's account, except the last item for $48,84, cash lent to defendant, to be correct and properly charged, but objected to the allowance of the said last item. That on the 12th day of January, 1853, the only charges on book, which the plaintiff had against the defendant, consisted of nine items amounting to the sum of $46,30, and that on said last named day, the plaintiff took out his writ of attachment against said Malarkee, in an action on book, made returnable before a justice of the peace, on the 31st of January, 1853, and that on said 12th day of January, said writ of attachment was duly served by attaching personal property of the said defendant; that on the 13th day of January, 1853, the said Hodges & Owen took out a writ of attachment, in their favor against the defendant, returnable to the April Term of the county court, and on the same 13th day of January, caused said writ to be duly served by attaching the same personal property that was attached on the plaintiff's writ, but subject to the plaintiff's attachment; that the writ of said Hodges & Owen was duly served and entered in court, April Term, 1853; that on said 13th day of January, the defendant was indebted to said Hodges & Owen, in a sum exceeding three hundred dollars, and is still owing about the same sum. That on the said 31st day of January, 1853, the day set for trial in the plaintiff's writ, the de-

fendant appeared in court before the magistrate and gave judgment by confession for the whole amount of the plaintiff's account, including the charge for money lent, which was under the date of the 17th day of January, 1853. That the said Hodges & Owen appeared at the justice court and were admitted to defend as attaching creditors, and then objected to the allowance of the said last item in the account of $48,84, for cash lent.

In relation to this item, the auditor found that the plaintiff lent to the defendant, on the 17th day of January, 1853, the sum of money as charged, and that the plaintiff knew at the time that said Hodges & Owen had commenced their suit against the defendant, and had attached the same property that plaintiff had attached; and that plaintiff lent this money to the defendant to pay a certain note that defendant had before that time, and before the service of plaintiff's writ as aforesaid, given to the plaintiff on settlement, which note was payable to the plaintiff or his order at the Bank of Rutland, and fell due on the 26th day of January, 1853; and this note the plaintiff had endorsed over to said Bank; and that he had received the money of the Bank on the same, before the 12th day of January, 1853; that the plaintiff lent and defendant borrowed this money to pay said note, and did pay and take up the same after the said attachment of Hodges & Owen, and before the note fell due, and before the justice court was held; that the personal property so attached had been sold by the sheriff on plaintiff's writ for some fifteen or twenty dollars more than enough to pay plaintiff's account as claimed by him.

Upon the foregoing facts the auditor submitted to the court whether the plaintiff was entitled to recover his whole account including the last item of $48,84, or the sum due on the 12th day of January, 1853.

The court rendered judgment for the largest sum including the last item in the plaintiff's account. To which decision the said Hodges & Owen, the subsequent attaching creditors excepted.

*C. L. Williams* for the subsequent attaching creditors.

At the time of Hodges & Owen's attachment, the lien of Chaffee upon the property, by virtue of his prior attachment, was for the sum of $46,30, only and costs. Had Chaffee's action been one of assumpsit or debt counting specially upon Malarkee's indebted-

ness to him at the time of commencing his suit, he could not by an amendment or by adding a new count for his additional and subsequent claim, have had a recovery on that without discharging his attachment. See cases cited in Minot's Digest 69.

The object of the statute, (Comp. Stat. 223 § 34,) allowing subsequent attaching creditors to appear and defend, was to enable such creditors to have their rights and interest in the property attached established and enforced in that suit and save the necessity of a resort to chancery or to a suit against the officer.

The loan by Chaffee to Malarkee of $48,84, on the 17th day of January, 1853, was a virtual fraud upon Hodges & Owen, for it was made with the intent and for the purpose of depriving them of the benefit of the security to that amount, which they had obtained by the attachment of Malarkee's property.

Was the suit appealable by the attaching creditors? The statute, (Comp. Stat. 223 § 34,) was designed to enable the attaching creditor to appear and take all necessary means for defending the action; and there is nothing limiting them to a single hearing, or to the adjudication of *any one tribunal alone*. Under this statute we apprehend the creditors may appeal, review, take exceptions, and all other steps for the defence of the suit, which the defendant himself might have taken had he been disposed. *Adams et al.* v. *Paige et al.*, 7 Pick. 542, is a full authority for the subsequent attaching creditors upon most of the questions now presented.

*R. R. Thrall* for plaintiff.

The county court erred in not dismissing the appeal. Comp. Stat. 223 § 34.

There was no fraud in the plaintiff's lending the money charged to Malarkee, to pay the note to the bank upon which plaintiff was liable as endorser. If there was no fraud in lending the money, it was properly charged on book, and it was the duty of the auditor to adjust the accounts up to the time of the audit. *Pratt* v. *Gallup*, 7 Vt. 344. *Sargent* v. *Pettebone*, 11 Vt. 355. *Worden* v. *Johnson*, 11 Vt. 455. *Wing* v. *Hurlburt*, 15 Vt. 507. Comp. Stat. 290 § 9.

The opinion of the court was delivered by

Isham, J. The motion to dismiss in this case was properly

overruled. The statute is express in its provisions, that "when-"ever a subsequent attaching creditor of real, or personal proper-"ty, shall wish to contest the validity of the debt or claim on "which a previous attachment is founded, the court in their dis-"cretion, may permit such creditor to appear and defend the suit." To deprive a creditor who has thus appeared, of a right of appeal, would defeat the general object for which the act was passed. As the legislature imposed no restriction of that character, it is reasonable to presume, that they intended to give the creditor the enjoyment of those means and opportunities for the prosecution of his defence, which are given to the defendant. The right of appeal may properly be considered as an incident to the right of appearing and defending suits at law; and when the general right to defend is granted, those incidents follow which are given to the defendant, and which direct the manner in which a defence may be interposed. We think, therefore, that the appeal was properly taken by the subsequent attaching creditors, and that they are so far parties to the suit, that they can prosecute the same in the appellate court.

We think also, that the judgment of the county court must be affirmed, on the exceptions taken to the report of the auditor. The 9th section of the Comp. Stat. 290, directs the auditor in taking the account of the parties on book, to examine and adjust the same to the time of the audit. It is a right also given to the plaintiff by the statute, to have his account so adjusted, and to hold any lien or security he may have obtained by his attachment, for the payment of the balance which he may recover. It is not within the legitimate power of any court to deprive a party of a specific right so expressly secured by statute, or defeat the intention of the legislature, so unequivocally spread on the face of the act. Whenever another creditor makes a subsequent attachment of the same property, it is done subject to this duty imposed on the auditor, and subject to this right given to the plaintiff. The attachment was made with a knowledge of this right, and with the understanding that the plaintiff's account was to be so adjusted and allowed. If the account is just and due, and the subsequent charges were made in the regular course of their business transactions, there is nothing of which the subsequent attaching creditor has reason to complain. If there was actual fraud practiced between the plain-

tiff and defendant, for the purpose of defeating the lien of the subsequent attaching creditors, the rule would probably be otherwise, and the lien of the plaintiff would probably thereby be defeated, as against the last attachment. But no suggestions of that character have been made ; and none, but that the account of the plaintiff is just and due, and which would have accrued, if this attachment had not been made. Under such circumstances, the plaintiff is entitled under the statute to a judgment on the balance of his account, as it stood, at the time of the hearing before the auditor.