BENJAMIN BARNES *v.* ELISHA LAPHAM, AND JOSEPH B. LAPHAM ; AMASA BANCROFT AND OTHERS, *Trustees.*

*Effect of confession before justice upon a county court trustee suit.*

A confession of judgment before a justice of the peace, in pursuance of § 4 of chap. 115 Comp. Stat., operates as a merger of the original cause of action; and the suit could not, before the act of 1855, (Laws of 1855, p. 13,) thereafter proceed against persons summoned as trustees, even though it was expressly understood that the plaintiff should not be thereby prejudiced in pursuing the trustees.

ASSUMPSIT. The defendants plead the general issue, with notice that they should give in evidence the following special matter, viz : that after the commencement of the suit, and before its entry in the county court, a judgment was rendered by a justice of the peace, in favor of the plaintiff, with his consent, by the confession of the defendants, for the amount of the plaintiff's claim, and the costs then accrued. Trial by the court, March Term, 1855,—PIERPOINT, J., presiding.

Upon the trial it was conceded, that a judgment was confessed by the defendants to the plaintiff, as set forth in the notice, but with the full and express understanding of both parties, before and at the time of said confession, that the said cause would and should be entered in the county court, for the purpose of charging the trustees; and that the plaintiff should in no way be prejudiced or hindered from pursuing and perfecting judgment against said trustees, in said court, in the usual and legal course of proceedings. Upon these facts, the plaintiff insisted that the county court ought to disregard the confession of judgment, and allow the cause to take such course

as would accomplish the object of the trustee process; but the court rendered judgment for the defendants. ·

Exceptions by the plaintiff.

*S. Green* and *D. E. Nicholson* for the plaintiff.

*M. H. Cook* and *E. Edgerton* for the defendants.

The opinion of the court was delivered by

BENNETT, J.   We do not see how the plaintiff can get along with his case.   The confession of judgment operated as a merger of his original cause of action, which was made the ground of this suit; and the agreement of the parties at the time, that this suit should go on for the purpose of charging the trustees, and perfecting a judgment against them, cannot arrest the merger and neither can the defendants be estopped from using the merger as a defense to the original cause of action.

The statute passed last fall cannot reach this case.   This judgment was rendered at the March Term of the county court, 1855; and the exceptions pending, at the time of the passage of the act, were but in the nature of a writ of error, to reverse that judgment.

Judgment affirmed with costs.