## COUNTY OF ADDISON,

#### AT THE

### JANUARY TERM, 1864.

PRESENT:

Hon. LUKE P. POLAND, *Chief Judge.*
Hon. ASA O. ALDIS,
Hon. JAMES BARRETT,     } *Assistant Judges.*
Hon. LOYAL C. KELLOGG,

---

## IRA D. FLETCHER *v.* DAVID A. BENNETT.

### *Confession of Judgment. Attachment. Merger.*

Parties cannot by their own mere agreement set aside a judgment, but they may make an agreement by which the judgment creditor may preclude himself from enforcing it, and the debtor may preclude himself from using it as defence to the original cause of action.

If after the defendant has confessed judgment, the parties mutually agree to treat the judgment by confession as a nullity, the plaintiff not to proceed upon or under it, and the defendant not to interpose it as any defence to the original action, they will be bound by the agreement, especially after one of the parties has acted under and on the faith of the agreement.

Although the cause of action is merged by confession of judgment, yet this does not necessarily prove that the suit itself is discontinued.

When a suit is commenced by attachment, a confession of judgment does not by mere force of the confession, dissolve the attachment, and if before any steps are taken, or any prejudice suffered, by other creditors, the parties enter into a binding agreement to waive the confession and proceed with the original suit, it equally concludes the use of such technical defence to the subsequent attaching creditors, whose attachments were pending when the confession of judgment was made.

ASSUMPSIT.  Plea the general issue and special plea, to which the plaintiff replied.  To the plaintiff's replication the defendant rejoined, to which the plaintiff demurred.  Upon a hearing upon this demurrer, it was adjudged.that the rejoinder was insufficient. To which decision the defendant excepted.

The facts of this case as shown by the pleadings are stated in the opinion of the court.

*John W. Stewart* and *Daniel Roberts,* for the defendant.

The judgment by confession worked a merger of the original cause of action, and therefore worked as an extinguishment of the cause ; and so is a bar of the action further.  *Lapham* v. *Briggs,* 27 Vt. 27 ; *M'Gilvery* v. *Avery,* 30 Vt. 538 ; *Frisbie* v. *Larned,* 21 Wend. 450 ; until reversed or annulled by legal proceedings that judgment stands *as a fact,* with all the consequences attached to it which belong to a judgment in full force.  The agreement to throw up the judgment and re-enstate the action was without consideration, and revocable by either party.  The plaintiff lost nothing by the agreement.  He has the benefit of his judgment still, and the *statu quo* is preserved.  The agreement is no estoppel against setting up the judgment. .  Upon general principles, and by statute (1852, No. 6,) this agreement cannot be put in evidence, or be pleaded, to effect the subsequent attaching creditors. .  But whenever peculiar rights supervene in behalf of an attaching creditor, as creditor, he may introduce them into the defence, although the debtor *per se* might be bound.  No equitable considerations belong to this case, but the rights of the parties rest upon *strict law.*  The plaintiff's right as claimed, is only that of priority of time, and so, as he says, of superiority of diligence.  He must then see to it that he maintains this to the end.  *Murray* v. *Eldridge,* 2 Vt. 388 ; *Brandon Iron Co.* v. *Gleason,* 24 Vt. 228 ; *Wilder* v. *Weatherhead,* 32 Vt. 765 ; *Union Mf'g Co.* v. *Pitkin,* 14 Conn. 174 ; *Clough* v. *Monroe,* 34 N. H. 381.

*George F. Edmunds,* for the plaintiff, contended, 1st, that the defendant was bound by the agreement.  *Central Bank* v. *Curtis,* 26 Conn. 533 ; *Campbell* v. *Wilson,* 2 Aik. 118 ; *Whitney* v.

Fletcher *v.* Bennett.

*Sears,* 16 Vt. 587; *Fifield* v. *Woster et al.,* 21 Vt. 215; *Frost* v. *Saratoga Ins. Co.,* 5 Denio 186. 2d. A subsequent attaching creditor can only be admitted to set up such defencee as *exist at the time he is admitted;* and such as the defendant himself might make.

POLAND, CH. J. The facts of this case as shown by the pleadings, are as follows. The plaintiff commenced his suit against the defendant returnable to the county court, and the same was served by an attachment of the defendant's property. Subsequently Goodwin and other creditors of the defendant commenced suits against him and attached the same property. After all the attachments, and before the return of the plaintiff's writ, the defendant confessed a judgment in favor of the plaintiff for the amount of his debt, which was assented to, or accepted by the plaintiff. On discovering that the effect of such confession would be to preclude the plaintiff from following up his attachment under it, and give priority to the subsequent attachments, it was mutually agreed between the plaintiff and the defendant that the judgment by confession should be waived and abandoned, and that the plaintiff should not proceed under it, but might proceed with his suit for his original debt, and that the defendant would not set up said confession as any defence thereto. That the plaintiff did waive and abandon the judgment by confession, according to the agreement, and entered his original suit in court. The subsequent attaching creditors obtained leave of the court to enter and defend the same, and set up the said confession of judgment in defence to the action. Under these cirsumstances is such defence available to them? The statute allows subsequent attaching creditors to appear and contest " the validity of the debt or claim on which the previous attachment is founded." The object of the statute is evidently to prevent a dishonest debtor from keeping his property away from his real creditors, by allowing it to be taken on fictitious claims, and thus really preserving it for his own use and benefit.

If in such case, subsequent creditors were not allowed to appear, and judgment allowed to pass, the burden would be cast

Fletcher *v.* Bennett.

on them in any attempt to contest such judgment as fraudulent or fictitious, and it might be wholly without their power to do so. They are therefore allowed to appear and object to the validity of the debt in the outset, with the burden upon the first creditor to establish his claim or debt.

The language of the statute renders it evident that its purpose was to allow the subsequent creditor only to contest the debt upon its real, substantial merits, and hence it has been held that he cannot be permitted to avail himself of mere defects in the process, or any mere matter of abatement of the suit ; in which respect he does not stand as well as the debtor himself. In another view he may set up defences which the debtor could not, by showing that the debt was fraudulent as to other creditors, though it might be good against the debtor himself. *Harding* v. *Harding & Tr.*, 25 Vt. 487.

But in ordinary cases not coming within either of the special classes of defences above named, the subsequent creditor steps into the shoes of the defendant, and cannot set up a defence that the debtor himself could not, where the defence does not go to the validity or existence of the debt itself.

In the present case no question is made as to the reality and honesty of the plaintiff's debt. The defence is purely technical, that the form of the debt has been changed by the confession, and merged in the confession of judgment. The same real debt exists as before, but in form it is not the same debt. declared on, and appears to have arisen since the commencement of the suit. Still technically it is a merger of the original cause of action, and would afford a valid legal defence to the suit by the defendant himself, unless he has precluded himself in some way from setting it up. It may admit of doubt whether this is such a defence as a subsequent attaching creditor could set up, even if the defendant himself was at liberty to do so, but we do not find it necessary now to decide how that may be.

If the debtor has precluded himself from setting it up, then clearly the subsequent creditor should not be allowed to.

It is argued by the plaintiff's counsel, that the confession of judgment was really annulled and set aside by the agreement of

the plaintiff and defendant that it should be so ; and that it stands just as if no such judgment had been rendered. But the argument of the other side, that parties cannot by their own mere agreement set aside a judgment we think is unanswerable. They may make an agreement by which the judgment creditor may preclude himself from enforcing it, and if he should attempt to do so, the debtor might have relief by *audita querela.* And so also may the judgment debtor by agreement preclude himself from using the judgment as a defence to the original cause of action. In the present case the parties having mutually agreed to treat the judgment by confession as a nullity, the plaintiff not to proceed upon or under it, and the defendant not to interpose it as any defence to the original action, we think both are bound, especially after one has acted under, and on the faith of the agreement.

Nor can it be said truly, that such agreement was without consideration at the time. It is well settled that mutual promises may afford a good consideration for both, and so both parties be bound.

The plaintiff having acted upon it, and entered his suit in court, the defendant is estopped by his agreement from setting up the confession as a defence.

The case of *Central Bank* v. ·*Curtis,* 26 Conn. 533 ; is entirely in point. By the settled course of decisions in that state, if a note upon which a suit is pending be transferred during the pendency of the suit so as to convey the legal title, it defeats the action, even though there be a special agreement that the purchaser may proceed with, and have the benefit of the suit. In the case cited, the plaintiff brought a suit against the defendant on a large number of notes and bills which had been discounted on the defendant's endorsement, and attached his property. By an arrangement between the plaintiff and defendant, and a third person who was also a creditor of the defendant, such third person paid the amount of the defendant's endorsements to the plaintiff and the claims were transferred to him, with a mutual agreement of all parties that the third party was to have the benefit of the plaintiff's attachment, and be permitted to prosecute

the suit in the name of the plaintiff to final judgment. Subsequently the defendant made an assignment of his property for the benefit of his creditors. The defendant and also the assignee under the assignment, appeared and set up in defence, the sale and transfer of the debts by the plaintiff to such third person.

The court held that, though by the decisions in that state, this was a good answer to the suit, still that the defendant, by his assent to the agreement that the suit might still be prosecuted to judgment in the plaintiff's name, had estopped himself from making such defence, and that the assignee who represented the other creditors of the defendant, had no greater right than the defendant himself.

We are wholly satisfied with the reasoning upon which that case is founded, and the principle seems fully to cover this case. The subsequent attaching creditors rely on the case of *Barnes* v. *Lapham*, 28 Vt. 307, as sustaining the opposite view.

In that case certain persons were summoned as trustees of the defendant. After the commencement of the suit the defendant confessed a judgment in favor of the plaintiff for his debt, which was accepted by the plaintiff, but it was at the same time agreed that the plaintiff should not be prejudiced thereby, from entering his suit in court, and prosecuting it for the purpose of charging the trustees. There was no agreement that the defendant should not set up the judgment in defence, nor any agreement that the plaintiff might take any judgment against the defendant. Both parties seem to have understood that the confession of judgment was to stand as the only judgment the plaintiff was to have against the defendant. The defendant set up this judgment as an answer to the action, and the court held it to be sufficient. This case has been very sharply criticized by the plaintiff's counsel, but we think it is not open to so much objection as is made to it. The parties seem to have supposed the plaintiff could proceed against the trustees without having a judgment against the defendant, when by law he could not. It was never agreed or understood that the plaintiff was to have any judgment against the defendant, except the one by confession. By upholding the judgment by confession, which both parties intended,

the other part of the agreement could not be carried out. Other cases have been decided on much the same principle, where contracts of parties have produced results they did not anticipate. They have never been relieved from the results, unless that could be done, and leave the contract operative as to what they did intend. *Proctor et al.* v. *Thrall et al.*, 22 Vt. 262 ; *Fletcher et al.* v. *Jackson et al.*, 23 Vt. 581.

The subsequent attaching creditors claim further, that the plaintiff's suit was actually discontinued by the confession of judgment, and the subsequent agreement between the plaintiff and defendant, was an attempt to renew or revive it, to the prejudice of the subsequent attachments. This is claimed on two grounds : because the cause of action is merged in the judgment ; and by force of the act of 1855, as to the effect of a confession of judgment where there are subsequent attachments.

The cause of action is merged by the confession of judgment ; of this there can be no doubt, but that does not necessarily prove that the suit itself is discontinued. Many other things may occur which would furnish complete defences, but which do not terminate the suit, until they are made to do it. In form, the suit still subsists, though the plaintiff may be unable to obtain a judgment in it, if the defendant interposes the former recovery of judgment by confession.

A case decided the last year in Caledonia county illustrates this. Whipple and Walker had been partners, and the partnership dealings were unsettled. Whipple brought an action of account against Walker to settle the firm dealings, and attached Walker's property, and the property being of a perishable character, it was sold on the writ, though irregularly, as Walker claimed. Walker then commenced an action of account against Whipple to adjust the same account. The latter case was tried, and a considerable balance was found due to Walker, and a final judgment therefor in the county court, and affirmed in the supreme court. The first suit of *Whipple* v. *Walker*, still remained on the docket of the county court.

After the final decision in favor of *Walker* v. *Whipple*, Walker demanded his property which had been attached, and brought a

48

Fletcher *v.* Bennett.

suit therefor, but it was held that inasmuch as the suit in which the attachment was made, was still pending, the action was premature, and that the case was not varied, because the decision of the same claim in the other suit had made it certain the plaintiff could never recover in this.

The statute does not declare that a confession of judgment, shall operate a discontinuence of the suit. It does not declare that it shall dissolve the attachment of the creditor in whose favor it is made. It merely provides that the confession shall not be effectual to hold the property attached, unless the subsequent attaching creditors give their consent in writing. The object of the statute is the same as that allowing creditors to appear and defend ; to prevent keeping property away from real creditors by the intervention and use of fictitious and fraudulent ones. If it were true that such confession operated as a dissolution of the attachment, it would not of necessity follow that subsequent creditors could set it up to defeat the action, unless the confession also operated as a discontinuance of the action. They might on that account claim to have the prior right to the property under their attachments, though the plaintiff's was first made. But, in our opinion, it does not by mere force of the confession, dissolve the attachment, and if, before any steps are taken, or any prejudice suffered, by other creditors, the parties enter into a binding agreement to waive the confession, and proceed with the original suit, it equally concludes the use of such technical defence to the subsequent creditors.

Nor does it seem to us that this is any hardship on them. The plaintiff was first in time in securing his debt, and entitled to priority. By a mere technical slip, the after creditors claim to postpone the plaintiff's attachment to theirs.

By upholding the arrangement and agreement made between the plaintiff and the defendant the subsequent creditors have the full benefit of all that both the statutes referred to, intended to give them, which was an opportunity for a full investigation of the real merits and justice of the claim upon which the first attachment was based.

These views are in accordance with the judgment below, and it is affirmed.