Farr *v.* Ladd et al.

---

A. H. FARR *v.* JOHN S. LADD, L. L. DURANT *Subsequent Attaching Creditor.*

*Justice's Record.   Confession of Judgment.   Parol Evidence.*

The record of the justice showed a judgment by confession. *Held,* that parol evidence offered by a subsequent attaching creditor to show that the defendant never appeared personally before the justice is inadmissible, the record of the judgment being conclusive.

DEBT UPON A JUDGMENT.   There was no plea filed in the case, and no question was made, but that the record of the justice of the peace, before whom the declaration alleges the recovery to have been had, shows such judgment as is alleged.   It was a conceded fact in the case that the record showed such judgment by confession.

Upon the trial at the September Term, 1863, PECK, J., presiding, L. L. Durant, who by leave of court entered as subsequent attaching creditor by trustee process, offered to show by parol, by himself and Luther Henry, that the defendant never appeared personally before the said justice who entered up the confession; that the defendant never saw the justice at all, but that the justice entered up the con-

fession of judgment by direction of the defendant, contained in a letter of the defendant, written in the jail at Montpelier, where the defendant was then confined, to said justice at Waterbury, where the justice resided, and where he was at the time, to enter up such judgment by confession; and that said Henry was the party who carried the letter to the justice, and that Henry then, and at the time the confession was entered by the justice, was the party beneficially interested in the judgment, and that this was known to Henry at the time he carried the letter, and when the confession was taken and entered up and recorded by the justice, which was done at Waterbury while the defendant was in jail at Montpelier, as above stated.

The plaintiff objected to the introduction of this evidence, and the court excluded it and rendered judgment for the plaintiff. As the case was tried without any written plea being filed, and the plaintiff's objection was general, not specifying the want of a plea as the ground of objection, the court did not exclude the evidence on the ground that no appropriate plea was filed, but excluded it on the ground that the record of the judgment was conclusive, and that the judgment could not be invalidated by such evidence.

To the decisions of the court said Durant as such attaching creditor excepted.

*L. L. Durant*, pro se.

A judgment is conclusive upon parties and privies. But when strangers' rights are brought in question, how can such a doctrine apply? Nothing but the personal appearance of the defendant gave the justice jurisdiction. G. S. ch. 31, § 21; *Shedd & Co.* v. *Bank of Brattleboro*, 32 Vt. 709.

The parties may show that the court had no jurisdiction. *Tibbetts* v. *Tilton*, 11 Foster, 273; *Demeritt* v. *Lyford*, 7 Foster, 548; *Hickley's Lessee* v. *Stewart*, 3 Howard, 750, (U. S.;) *Morse* v. *Presby*, 5 Foster, 299; *Elliott* v. *Peirsol*, 1 Peters, 328, 7 U. S. 601; *State* v. *Richmond*, 6 Foster, 232.

*L. Henry* and *Wing & Lund*, for the plaintiff.

POLAND, Ch. J. The defence in this case is made by the subsequent attaching creditor.

The statute authorizes a subsequent attaching creditor to appear in

the prior suit and contest the validity of the debt or claim on which it is founded.

It has heretofore been decided that a subsequent attaching creditor thus appearing is confined to defences to the merits, and that he cannot plead in abatement, or make other dilatory objection to the action.

In the case of *Fletcher* v. *Bennett*, 36 Vt. 659, the court had occasion to consider the extent of the right of such creditor to make defence to the prior action, and it was held that he stood in the first place in the right of the debtor himself, and could interpose any defence to the merits that the debtor himself might ; and secondly, that he might set up his right as a creditor, and show that the prior debt was collusive or fraudulent between the creditor and debtor, and therefore invalid as to himself or other creditors, although the debtor himself might not be able to make such defence. In either view was the evidence offered by the subsequent attaching creditor in this case admissible ?

In the first place, would it have been admissible if offered by the debtor himself?

The record of the judgment recited that the defendant personally appeared before the justice and confessed himself indebted, &c. The evidence offered was that he never did appear in person and make such confession ; a direct denial and contradiction of the fact stated in the record.

It has repeatedly been held in this state that the records of justices of the peace are entitled to the same degree of credit and legal verity, as those of courts of more extensive jurisdiction, and cannot be impeached or counteracted by proof of their falsity.

This general proposition is not denied, but it is claimed that the evidence offered was to show that the justice had no legal jurisdiction to render such judgment, and that evidence is always admissible, to show that the court had no jurisdiction, and in that way overthrow the judgment of any court. It is often said in the books, that if the court have no legal jurisdiction their judgment is void, and that evidence may always be received to show such want of jurisdiction. To a certain extent this is true, but not to the extent to which we are asked to go in this case.

When evidence offered contradicts the record itself, it cannot be received, although the effect of the evidence would be, if admitted, to show that the court had no legal jurisdiction over the party. The record is equally conclusive as to such fact, as any other, when it appears on the record.

In *Spalding* v. *Chamberlin*, 12 Vt. 538, the plaintiff had been ousted on an execution in favor of the defendant, for which he brought an action for trespass and false imprisonment. The plaintiff sought to invalidate the judgment on which the execution issued, by showing that when the writ issued and was served, it was not signed by the justice who rendered the judgment, but by another, and that subsequently the name of the justice was erased, and it was signed by the justice who rendered the judgment. If these facts were true, then it was clear that the justice who rendered the judgment, had no rightful jurisdiction of the process, or to render a judgment thereon; but the evidence to show this was rejected on the ground that it contradicted the record, which recited that a writ was issued signed by the justice by whom the judgment was rendered.

So in *Beech* v. *Rich,* 13 Vt. 595, in an action of debt on a recognizance, the defendant offered to prove that he never appeared before the judge and entered into such recognizance, and that it was made without the knowledge or consent of the defendant. But the evidence was rejected on the ground that the record was conclusive and could not be impeached by evidence.

There is more analogy between the case of a recognizance and a judgment by confession, than between a confession judgment and one rendered in the ordinary way in an action pending between the parties.

It is claimed that the justice could have no legal jurisdiction to render a judgment by confession, unless the party appeared in person to make such confession, and we are not now disposed to think that he could, as was intimated in the case of *Shedd et al.* v. *Bank of Brattleboro*, 32 Vt. 709.

But the same is also true of a confession of a conditional indebtedness by way of recognizance, that if it was done without the knowledge or consent of the recognizor, it would be without lawful jurisdiction, and would be void.

Farr *v.* Ladd et al.

In *Eastman & Paige* v. *Waterman*, 26 Vt. 494, an *audita querela* was brought to set aside the judgment of a justice of the peace. The judgment was confessedly irregular, and the plaintiffs were entitled to have it set aside, unless personal notice of the pendency of the suit had been given. The justice's record showed that such personal notice had been given. The plaintiffs offered to show that no such notice was given, but the evidence was rejected on the ground that the record could not be contradicted. Some previous cases in this State had intimated that in a suit brought to vacate a judgment, the record was not conclusive, but might be contradicted; but here it was held that the record was conclusive in such case even. It is certain that this is carrying the doctrine to its extremest length.

In *Barnard* v. *Flanders*, 12 Vt. 657, the defendant was sued for an alleged misconduct as a justice of the peace, and his record was held not only admissible, but conclusive, in his own favor, and that evidence was not admissible to contradict it.

In view of the principles established by the cases already cited, and many others of the same character in our reports, we deem it clear that the evidence offered was not admissible for the purpose of establishing any defence against the plaintiff's judgment so far as the defendant is concerned, nor by the subsequent attaching creditor as standing in the place of the defendant and asserting his right.

It was not claimed, nor was there any offer to prove, that the plaintiff had not a valid debt or claim against the defendant to the full extent of the judgment confessed, nor that it was done with any fraudulent purpose or design to create a claim to cover the defendant's property to keep it away from the creditor who defends this suit, or any other of the defendant's creditors. Standing upon his own peculiar right as a creditor, he has therefore no valid objection to to make, and if there were any technical irregularity in the plaintiff's judgment, not affecting the real existence and validity of the debt, it would not avail.

Judgment affirmed.