### A. J. WALLACE v. S. K. BERRY.

*Judgment.   Fraud.   Subsequent Attaching Creditor.   Officer.*

In case against a sheriff for default of his deputy, it appeared that F. brought an action against W., declaring in general assumpsit with an *ad damnum* of $3,000, and that the deputy to whom the writ was delivered for service, duly attached W's property thereon. F. made specification of four promissory notes amounting to about $1,300. Plaintiff afterwards brought suit against W., and the deputy, to whom the writ therein was also delivered for service, duly attached the same property thereon, subject to the attachment of F. W. made no defence to F's suit, but plaintiff and other subsequent attaching creditors entered and defended on the ground that F's claim was fraudulent, and after a full trial on that point, judgment was rendered for $541.91, the amount of two of the notes only. Plaintiff's suit also proceeded to judgment, and executions were duly issued in both suits, and seasonably placed in the deputy's hands. Before the deputy made any application of the proceeds of the property, plaintiff notified him that F's judgment was obtained by fraud and collusion between F. and W., and that F's attachment was void, and tendered the deputy a sufficient bond to indemnify him and defendant, if he would apply the proceeds of the property on his execution in exclusion of F's. But the deputy applied the proceeds on executions in the order of attachment, so that plaintiff's execution was satisfied only in part. *Held*, that the relative smallness of the sum for which F. recovered judgment was not evidence of such fraud as would defeat F's lien as between him and subsequent attaching creditors ; and that the judgment stood on the same footing as any other judgment regularly obtained, and entitled F. to all and the same rights in its enforcement that he would have had if the subsequent attaching creditors had not entered to defend.

Plaintiff offered to show that F's judgment was fraudulent and void as to subsequent attaching creditors. *Held*, that plaintiff, having entered to defend, was so far a party as to be concluded by the judgment; that the judgment could not be collaterally impeached; and that the evidence was inadmissible.

*Held*, also, that the deputy was justified in applying the proceeds of the property as he did, in obedience to his precept, and that the notice given by plaintiff imposed on him no duty to do otherwise.

CASE against a sheriff for the default of his deputy. Plea, the general issue, and trial by the court at the December Term, 1878, REDFIELD, J., presiding. The facts are stated in the opinion of the court. Judgment for defendant, and exceptions by plaintiff.

*R. M. Harvey,* for the plaintiff.

Judgment should have been for the plaintiff. An attachment on claims, some of which are not due or are fraudulent, is void as to subsequent attaching creditors. Foster's attachment was therefore void. *Fairfield* v. *Baldwin,* 12 Pick. 358 ; *Kendall* v. *Lawrence,* 22 Pick. 540 ; *Pierce* v. *Patridge,* 3 Met. 44 ; *Adams* v. *Paige,* 7 Pick. 542 ; *Harding* v. *Harding,* 25 Vt. 487 ; Gen. Sts. c. 30, s. 47.

The evidence offered to show that Foster's and Perkins's judgments were fraudulent, should have been received. Third parties against whom a judgment is urged may show that the judgment is fraudulent. The rule that a judgment cannot be collaterally impeached, extends only to parties and privies. *Nason* v. *Blaisdell,* 12 Vt. 165 ; *Atkinson* v. *Allen,* 12 Vt. 619 ; *Ingalls* v. *Brooks,* 29 Vt. 398, 401 ; *Harding* v. *Harding, supra* ; *Sprague* v. *Waldo,* 38 Vt. 139.

The officer was not bound to apply the proceeds of the property attached on executions in the order of attachment. The prior attaching creditors, to perfect their lien, were bound to obtain valid judgments and charge the property in execution. If such judgments were wanting, the liens were lost, and the officer is liable. *Hall* v. *Walbridge,* 2 Aik. 215 ; *Murray* v. *Eldridge,* 2 Vt. 388 ; *Brandon Iron Co.* v. *Gleason,* 24 Vt. 228 ; *Wilder* v. *Weatherhead,* 32 Vt. 765. Had the officer applied the proceeds of the property on the plaintiff's execution, action would not have lain against him at suit of either Foster or Perkins.

*J. W. Rowell* and *C. W. Clarke,* for the defendant.

The deputy was not bound to take notice that the judgments in question were fraudulent. The rule contended for would compel a sheriff, on suggestion of fraud, to determine at his peril which of two attaching creditors had the better right. That would put

him in a position of great difficulty. He ' would often find a very intricate state of circumstances, and be in .constant uncertainty in the execution of his official duty. *Gage* v. *Barnes*, 11 Vt. 195; CHIPMAN, C. J., in *Wilcox* v. *Sherwin*, 1 D. Chip. 72; *Darling* v. *Bowen*, 10 Vt. 148; *Churchill* v. *Churchill*, 12 Vt. 661, 666; *State* v *Buchanan*, 17 Vt. 573. The last named case was a case. more suitable for the application of the rule contended for than the case at bar, for there the officer was a party to the fraud, and acting in furtherance thereof in making the attachment. It is to be noticed that here the plaintiff did not give the deputy notice that he should institute proceedings to avoid the prior judgments and executions, and request the deputy to delay satisfying the executions until he could do so. Had it been otherwise, the case might be thought to come within the principle of *Warmoll* v. *Young*, 5 B. & C. 660, although our practice differs from the English, in that here the officer is commanded to levy " and pay and satisfy unto the creditors." See BAYLEY and HOLROYD, JJ., in that case, and Lord KENYON, in *Kempland* v. *Macauley*, Peake, 65. *Imroy* v *Magnay*, 11 M. & W. 267, followed by *Christopherson* v. *Burton*, 3 Ex. 160, seems to be with the plaintiff, but it was doubted in *Remmett* v. *Lawrence*, 15 Q. B. 1004. *Paton* v. *Westervelt*, 2 Duer, 362, 382, is a full authority for the defendant. *Fairfield* v. *Baldwin*, 12 Pick. 388, is there distinguished from a case like the one at bar. See also *Elhridge* v. *Milling*, 15 La. An. 518.

The plaintiff having entered to defend, and had a full trial, is estopped to question the validity of the judgment. He has had his day in court. See Gen. Sts. c. 30, ss. 46, 47 ; *Chaffee* v. *Malarkee*, 26 Vt. 242.

The opinion of the court was delivered by

ROYCE, J. This suit is brought against the defendant as late Sheriff of Orange County for the default of Wm. T. George, his deputy, in not applying the proceeds of property which he had sold· as such deputy upon certain executions which had been placed in his hands, upon an execution in favor of the plaintiff against one O. H. Watson. It is agreed that the property

of Watson, which was attached by said George upon the writ in the suit in which the plaintiff obtained his judgment upon which his execution was issued against Watson, was, at the time George made said attachment, subject to two prior attachments—one upon a writ in favor of Orison Foster against said Watson, returnable to the March Term of Washington County Court, 1874, and one upon a writ in favor of Amherst Perkins against the said Watson, returnable to Orange County Court, December Term, 1873. Both of said writs were served by said George, and the property which was returned as attached upon the writ in favor of the plaintiff against said Watson, was returned as attached on those writs, and the attachment made by George on the plaintiff's writ against Watson was made subject to these prior attachments. Judgments were obtained in all three of said suits against Watson, executions regularly issued and seasonably placed in the hands of George to charge the property attached, and the avails of the attached property were applied by him upon the executions in the order in which the attachments were made. By so applying said avails, the executions in favor of Foster and Perkins were satisfied, but the execution in favor of the plaintiff was returned in part unsatisfied. The suit in favor of Foster against Watson was an action of general assumpsit, demanding in damages $3,000. Foster filed a specification of his claims, in which he described four promissory notes, amounting in all to about $1,300. Watson made no defence, but the suit was defended by the plaintiff and other subsequent attaching creditors upon the ground that Foster's claims against Watson were fraudulent, and a full trial was had on that point. Foster recovered a judgment for the amount of the first and third notes described in his specification for the sum of $541.91, but nothing on the second and fourth of said notes. The suit of Perkins against Watson was an action of general assumpsit, demanding in damages $300, and Perkins obtained judgment therein by default, for the sum of $255.50. Before the said George made any application of the avails of the property so attached by him, the plaintiff notified him in writing that the judgments in favor of Foster and Perkins against Watson were obtained by fraud and collu-

sion, and upon claims that were not due, and that the attachments made upon the writs in favor of said Foster and Perkins were void as to subsequent attaching creditors; and the plaintiff tendered the said George a good and sufficient bond, to indemnify him and the defendant against all damages and cost that he or they might sustain if they should apply the avails of the property attached upon the execution of the plaintiff against Watson to the exclusion of the execution of Foster against Watson. Upon the foregoing facts the plaintiff claimed as matter of law that the attachment of Foster was wholly void as to subsequent attaching creditors, and that he was entitled to recover the full amount of the Foster execution. This claim was based upon the assumption that the recovery by Foster in his suit against Watson was so much less than the amount demanded by his writ and claimed by his specification, that the court would be justified in regarding that fact as evidencing such fraud and collusion between Foster and Watson, and intent to delay and defraud the creditors of Watson, as would defeat the lien of Foster acquired by his attachment as against subsequent attaching creditors.

Fraud could not be inferred from the aforesaid facts; and the fact that a party fails to recover the full amount claimed by him, is not evidence tending to show that the judgment for the amount recovered is fraudulently procured. The object and purpose of the law which permits subsequent attaching creditors to defend suits in which the property attached by them has been previously attached is, to prevent and defeat fraud and collusion on the part of those interested in such previous attachments. And to effectuate that object and purpose, such creditors are permitted to make defenses that the principal defendant would not be allowed to make, as was done in *Harding* v. *Harding*, 25 Vt. 487. See also *Farr* v. *Ladd*, 37 Vt. 156. But where, notwithstanding the making of such defense as was made in this case by the subsequent attaching creditors, Foster succeeded in obtaining a judgment, the fair inference is that to the extent of his recovery it was not fraudulent and void as against such creditors. A judgment thus obtained stands upon the same footing as any other judgment regularly obtained, and entitles the judgment creditor to all and

the same rights in the matter of its enforcement that he would have been entitled to if such creditors had not intervened to defend the suit in which he obtained it.

It will be found upon a careful review of the cases from Massachusetts so much relied upon by the plaintiff, and especially *Fairfield* v. *Baldwin*, 12 Pick. 388, in connection with the Massachusetts statutes upon the subject and their statute upon the effect of an amendment of the declaration as affecting the rights of subsequent attaching creditors, that the above views are not in conflict with the decisions made in those cases upon the questions which were necessary to their determination.

The plaintiff offered to show that the whole of the judgments obtained by Foster and Perkins against Watson were collusive, fraudulent, and void as to subsequent attaching creditors, and that they were obtained upon demands and claims which were not due the plaintiffs therein, and that the attachments were made for the purpose of defrauding subsequent attaching creditors. To the refusal of the court to admit that evidence the plaintiff excepted. As far as the evidence offered applied to the judgment obtained by Foster, the question arises as to whether or not that judgment is conclusive. The rule as to the conclusiveness of judgments as between parties and privies, is stated by REDFIELD, J., in *Nason* v. *Blaisdell*, 12 Vt. 165, to be, that " the same matter once litigated in a court of justice, and definitively adjudicated, is forever put at rest," and that " if, when a party had once litigated a point, or which is the same thing, had had an opportunity of litigating it, he might still renew the controversy at will, the present evils of litigation would be indefinitely multiplied." The general rule is, that a judgment of a court having jurisdiction of the parties and subject-matter, is conclusive between the parties and their privies in estate, as to the matters litigated in the cause and every other matter which the parties might have litigated in the same cause. Was the plaintiff a party or privy so as to be concluded by the judgment ? When a subsequent attaching creditor enters to defend, he is accorded all the rights of a party litigant, and as we have seen, may make defenses which the defendant could not make ; and he is made liable for costs in case he fails to defeat

the plaintiff's debt. They have, also, the right to appeal and to prosecute the cause in the appellate court. *Chaffee* v. *Malarkee*, 26 Vt. 242. The defence they may make is in their own right, and not in the right of the defendant, and their defence cannot be prejudiced by any admission or declaration that the defendant may make. The evidence offered was available in defence of that suit, and the plaintiff had opportunity to avail himself of it; and it appears that the defence he did make was substantially the same as indicated by his offer to impeach the judgment or defeat the lien acquired by the attachment. The judgment is conclusive upon Foster, and is equally conclusive upon the plaintiff. The plaintiff was a party or privy in that suit in such a sense as to require that the matters proposed to be shown should be treated as *res adjudicata.*

The ruling is sustained upon another ground. It was not permissible to attack or impeach those judgments in the manner proposed. A judgment that appears to be regular cannot be impeached in any collateral proceeding; it can only be done by some proceeding instituted for that purpose. *Tappan* v. *Nutting*, Brayt. 137 ; *Nason* v. *Sewall*, Brayt. 119 ; *Barney* v. *Goff*, 1 D. Chip. 304 ; *Porter* v. *Gile*, 47 Vt. 620 ; *Kimball* v. *Newport*, Ib. 38. In *Farr* v *Ladd*, 37 Vt. 156, a subsequent attaching creditor offered to show that the judgment which was declared upon as having been a judgment by confession, was not confessed by the debtor, and at the time when it appeared by the record that the debtor personally appeared at Waterbury and confessed the judgment, he was confined in the jail at Montpelier. The County Court excluded the evidence, and the ruling was sustained by the Supreme Court.

The officer was justified in paying over the avails of the attached property in the manner that the record shows he did pay it. By so paying it, he followed the command of his precepts, and paid as the law directed. The plaintiff could not by the giving of such notice as he did to the officer, impose the duty upon him of defending suits that the parties who were apparently entitled to the money in his hands might bring against him.

*Judgment affirmed.*