ASA BARNARD *v.* ABNER FLANDERS.

In a suit against a justice of the peace for a nonfeasance, records made by him are admissible in evidence.

The record, when produced, is conclusive as to all the facts therein stated and cannot be impeached collaterally.

The validity of such record is not a question to be decided by the jury, but by the court.

THIS was an action on the case. The plaintiff, in his declaration, alleged in substance, that on the 20th day of March, 1838, one Abner K. White prayed out a writ of attachment in his favor, against Barnard, the plaintiff in this suit, made returnable before the defendant, Flanders, a justice of the peace within and for the county of Lamoille, at J. Sawyer's office, in Hydepark, on the second Thursday of April, 1838; that said writ was duly served upon the said Barnard, and returned to said justice; that, at the time when, and place where, said writ was made returnable, the said Barnard appeared before the said justice and demanded a trial by jury; that six jurors (naming them) were duly drawn, and said justice issued a venire for them to appear, which venire was duly served upon said jurors, and they appeared before said justice to try said cause, and were ready to be empannelled and sworn; that said justice Flanders, without continuing the cause to any future time, and without any reasonable or sufficient cause, wilfully and maliciously withdrew and absented himself from said place of trial, whereby the said suit was discontinued and the said Barnard was compelled to pay the said jurors one dollar and fifty cents for their attendance, and also one dollar and seventy eight cents to the constable, for serving said venire, &c., and was deprived of recovering his costs in said suit of the said White, &c.

Plea, not guilty and trial by jury.

Upon the trial in the county court, the plaintiff introduced parol testimony tending to prove the facts alleged in his declaration, and the defendant produced in evidence, the original files in the suit of *White* v. *Barnard,* and also a certified copy of the record in said suit. The plaintiff then offered parol evidence to prove that said minutes and records were false, and that said copy had recently been made and

certified. The plaintiff also requested permission to argue the cause to the jury, with a view to induce them to find that said minutes and records were false. But the court rejected the testimony thus offered by the plaintiff, and directed a verdict for the defendant.

The plaintiff excepted to the direction and decision of the county court.

*Willard & Poland,* for plaintiff.

The general rule of law, that records are conclusive evidence of the matters adjudicated in a particular suit, as between the parties and privies, and that other evidence is not admissible to contradict the record, is not denied.

Nor is the wisdom of this rule denied, when it is applied to our established courts of justice ; but it is submitted whether the interests and safety of community or of individuals would be promoted by extending the rule to justice's records, and thus place powers so tremendous in hands where they would be so liable to abuse.

But if the court should be of opinion, that the general rule, relating to courts of record, ought to be extended to justice's records, as between third persons, still the plaintiff contends that when the record is offered by the justice himself, in a suit against himself, as evidence in his own favor, to exculpate himself from the consequences of some act relating to the subject matter, every principle of law and justice forbids that his record should be admitted, at least as any thing stronger than mere *prima facie* evidence, liable to be rebutted by proof of the real circumstances of the case.

Should a contrary doctrine be established, the consequences of placing power so dangerous in the hands of a body of men so numerous, very many of whom, from ignorance and other causes, are so little qualified to exercise it, cannot be otherwise than most disastrous, when it is once understood that the law gives them such a power. It is a principle equally well established with the one above stated, that no man shall be permitted to make evidence for himself. Yet the decision of the county court contradicts this latter rule.

In the State of New York, it is true, the courts have decided that justice records are admissible and that they are of the same force as the records of other courts of record, but this decision was made on the strength and peculiar

phraseology of their statute. Therefore these decisions have no effect on this case, as our statute differs from theirs.

But the English courts have countenanced the doctrine attempted to be sustained by the plaintiff in this case. *Massey* v. *Johnson*, 12 East, 67.

It was suggested by the county court, (and the decision was made on that ground) that the justice should have been sued for making a *false record*, and that if an action had been brought against the defendant for making a false record, then other evidence could be properly introduced to contradict his record.

It is very difficult to discover why the record would not be equally as strong evidence in the one case as in the other, and, if it is conclusive in this case, why it would not be in any action which might be brought?

But it appears by the bill of exceptions, that this record was made up long after the commencement of this suit, and if the doctrine of the county court be correct, the party was wholly destitute of a remedy, for, at the commencement of this suit there was no *false record* in existence, and never would have been had not the justice made it for the purpose of screening himself from merited punishment. Neither could the justice have been sued for not making a record, for in fact there were no proceedings in judgment to be recorded.

This suit is as like the one for making a false record as possible, except that it is not alleged that the defendant had made a false record of the proceedings, and the party seeks precisely the same remedy in this action as he would in the other.

It is contended that this action is properly brought and that if the defendant's record could be disputed in any action whatever, it might be in this.

2. The bill of exceptions shows that the plaintiff's counsel requested this case to be put to the jury that they might pass upon it, but this the court would not permit.

As the case shows that the plaintiff had previously proved his declaration by witnesses, it is believed that the case ought to have been left to the jury under the charge of the court.

*H. P. Smith*, for defendant, contended that the record offered by the defendant, was conclusive and that it could not be impeached by parol testimony, and cited 1 Phil. Ev.

217, 218. 2 Stark. Ev. 1043, 1277. 2 Walker's Am. Law, 540, 557. 1 Swift's Dig. 570. 2 Dallas, 125. 7 Vt. R. 166.

Barnard
v.
Flanders.
The opinion of the court was delivered by

WILLIAMS, Ch. J.—The present action was instituted against the defendant, complaining of his conduct as a justice of the peace, in a suit wherein one White was plaintiff and the said Asa Barnard defendant. The defendant introduced a certified copy of the record in that action, and the question is, whether it was admissible in evidence, and what was its effect? If it became necessary in the trial, to show the proceedings in that case, or any part of them, the record was evidence. They could only be shown by the record, and I can see no objections to its being introduced, either on the one side or the other. If the suit of *White* v. *Barnard*, had proceeded so far as to authorize or require the justice to make a record, such record was the proper if not the only evidence to show it. There was no valid objection, therefore, to the admission of the original files and minutes and the certified copy of the record, and none appears to have been made in the county court. When admitted, it is to have the same effect as other records, and cannot be impeached or falsified by parol testimony in any case collaterally, when it is introduced in evidence. In the case read from the 12th of East, 67, no record was introduced, nor is a magistrate's court, in England a court of record. In that case, however, the conviction protected the magistrate. It was of no consequence when the record was made and put into form. The parol testimony, which was offered to invalidate the record and show it to be false, was not admissible, and the court would not have been justified in permitting the party to argue to the jury a question arising on the papers produced, and on which it was the exclusive province of the court to decide. The judgment of the county court is, therefore, affirmed.