Essex,<br>March,<br>1841.<br><br>Beech<br>v.<br>Rich.

---

## Sargent W. Beech *v.* Daniel Rich.

The record of a recognizance, entered before a judge of the county court, on granting an *audita querela*, is conclusive evidence, in an action thereon, that the same was entered by the defendant's consent.

Debt, on a recognizance entered into by the defendant, before one of the judges of the county court, on granting an *audita querela* in favor of Stevens and others against Beech, the present plaintiff, in which action Beech recovered a judgment for his costs.

The defendant pleaded *nul tiel record*, and a special plea in bar, that the record of the recognizance was made by the judge who signed it without the knowledge or consent of the defendant. Issue was joined upon the first plea, to the court, and upon the second plea, to the country.

The first issue was found by the county court for the plaintiff.

On the trial of the second issue, the plaintiff introduced the record of the recognizance, in support of the declaration. The defendant then offered testimony tending to prove that he never consented to have his name entered, or to be recognized, as certified in said record. The plaintiff objected

Essex,
*March,*
1841.

Beech
*v.*
Rich.

to this testimony, and the court excluded it, on the ground that the record was conclusive evidence of the facts therein set forth.

The jury returned a verdict for the plaintiff, and the defendant excepted to the decision of the county court.

*S. Cushman,* for defendant.

1. The entry of a recognizance for costs, by the authority issuing a writ, has not the conclusiveness of a judgment of a court of record.

2. A judgment, even where it can be proved that the party against whom it was rendered, had no notice, is not conclusive. *Fullerton* v. *Horton,* 11 Vt. R. 425.

3. A judgment obtained fraudulently may be set aside. The record, in such case, is not conclusive, and the evidence showing the fraud may rest in parol.

If these entries or minutes, made by a justice, were of this conclusive character, it would be in the power of a bankrupt magistrate to ruin the whole country.

Suppose a person, unknown to a magistrate, should cause the justice to enter the name of another as recognized, representing that he was that person ; cannot the person whose name has been thus used, avoid that recognizance ?

Fraud vitiates every proceeding in courts of law, and there must be found somewhere a remedy for causing a person to be entered as recognized, without his *knowledge or consent,* and the fact of fraud can be established in no other way than by parol proof.

It necessarily, therefore, follows, that a person thus made liable and thus defrauded, is without remedy, or the fact, if found, must be established by parol proof.

*I. Young,* for plaintiff.

A record of recognizance is not to be controlled or impeached by parol testimony, as between the parties. *Walker* v. *Briggs,* 11 Vt. R. 84. Collateral proof is not admissible to impeach the authority or accuracy of a record. 2 Stark. Ev. 705.

The opinion of the court was delivered by

Collamer, J.—The record of a judicial proceeding is, as to all the parties thereto, conclusive of the facts therein al-

leged. This has been too long and uniformly holden to require either discussion or authority. This recognizance, taken and certified by a judge of the county court, states that the defendant personally appeared and entered into the recognizance. This is conclusive of that fact as against the defendant.

Essex.
March,
1841.

It is said, dangerous consequences may follow the application of this rule. That may be possible, but still more dangerous consequences must follow the overturning and disregarding of this rule, even if we were at liberty to so disregard it. It would permit all the recognizances, taken in this and in the county court, and by the judges thereof, such as recognizances for reviews, for the appearance of criminals, sheriff's bail, and even judgments themselves, to be contradicted and set aside by parol. It is no more to be supposed that county judges will certify falsely than that courts will make false records. Possibly, in relation to recognizances in writs which may be signed in blank, provision against danger should be made. But the present was a judicial writ, and could not have been issued in blank. The plaintiff in this suit was the defendant in that. He would not have been permitted to allege that, in fact and truth, no recognizance for his security had been taken. The record would have been conclusive upon him. The law enforced it on him as his security, and that law must not now betray him.

Judgment affirmed.