JACOB P. EASTMAN & AMOS PAIGE v. WILLIAM WATERMAN.

Where property of a defendant residing out of the state is attached, and notice has not been given to the defendant, and judgment is rendered by default, before execution can issue, a recognizance for review must be entered, or the execution will be set aside on *audita querela*.

The record of the justice is conclusive on the question of notice, to the defendant.

Parol testimony is inadmissible for the purpose of contradicting the facts certified and stated by a justice in his record, whether the matter arises collaterally, or upon the writ of *audita querela*, brought to set aside that judgment.

When notice of the suit upon the defendant, is found and certified by the justice, he has no right to require or take a recognizance of the plaintiff for review.

The entry of a continuance being in the hand writing of the plaintiff's attorney, furnishes no ground of objection, if the justice granted the continuance, and adopted and assented to the entry, by placing his official signature to the same.

AUDITA QUERELA, to vacate the judgment of a justice of the peace.

It appeared on the trial, that on the 26th day of April, A. D.

1851, the defendant sued out a writ, before George W. Prichard Esq., a justice of the peace, for the county of Orange, returnable on the 10th day of May, 1851 ; that said writ bore date, as appears by the writ, April 28th; but was served, as appears by the officer's return, April 26, 1851.

That said Eastman & Paige were residents of Massachusetts, and that some five years ago they had a job upon the Passumpsic Railroad, and had been absent some two years when the said writ was served.

It appeared, that said writ was served by attaching old iron and other articles, along the line of their work, and a copy left where the property was found. On the 10th day of May, 1851, an affidavit was made showing notice on Eastman, one of the partners of the firm of Eastman & Paige, but the justice, not considering it sufficient notice, continued the cause to the 27th day of May, 1851, as appears by the record and the testimony of the justice ; on the 27th day, no further notice having been given, the said justice again continued the cause to the 24th day of June then next. On the said 24th day of June, the said justice being absent from the state, the said cause was again continued to the 24th day of July, then next, by another justice. On the said 24th day of July, the justice adjudged that the defendants had had notice proved upon them.

The justice, however, in his statement, which was put into the case, says, " I find the fact to be, that no further notice than the original or first named notice in the affidavit, had been given or made ; but being informed by the plaintiff's attorney, that in the county court, in the case ·*E. A. Cilley* v. *Eastman & Paige* commenced at the same time of Waterman's, a notice the same as proved in this case, had been adjudged sufficient," the said justice so decided, and adjudged that the defendants had been notified and defaulted the defendants.

The fact that the county court had so decided, in the case of Cilley, was conceded.

That early in July, 1851, Mr. Eastman came to Bradford, and procured the property attached in this and other suits, to be receipted ; but that it was afterwards sold on execution and was not taken away on the receipt. It also appeared that the plaintiffs, in October, sent one Henry Fox to look after their effects in Bradford; that he

inquired of Judge Parker, who had been formerly counsel for the plaintiffs, Eastman & Paige, in other causes; and that Parker in company with Fox, went to the office of R. McK. Ormsby, and found the writ in the case of *Waterman* v. *Eastman & Paige,* with the judgment thereon rendered. That the property sold on ex_ ecution was worth more than was realized for it on the officer's sale; and the officer sold the iron in heaps or lots, by the pound; that there was much more than was expected on weighing it out, leaving a surplus in the hands of the officer, which surplus, after paying the amount in the execution, was received by the plaintiffs, of the officer early in 1852.

The defendant claimed, that the justice having on the 24th day of July, adjudged the defendants notified, it was not an act to be revised in this action; that notice to one partner was in law notice to both, and offered an affidavit of facts expected to be proved by one Sawyer, in relation to notice to said Eastman, which was admitted.

It also appeared, that the continuances in the case were entered in the hand writing of Waterman's attorney, and that the justice had no action in these entries, except to sign his name as justice to the same.

The court,—COLLAMER J., presiding,—found that the judgment of the justice against Eastman & Paige was rendered without any notice to said Paige, who resided in Massachusetts; that the execution issued without any bond being given, and that the property sold on execution exceeded in value besides the amount of money returned to the plaintiffs more than $——, and thereupon rendered judgment for the plaintiffs, setting aside said judgment and execution and giving damages, $——

Exceptions by defendant.

*R. McK. Ormsby* for defendant.

The case shows Eastman & Paige were general partners, and that the writ was served by attaching partnership property; continued from May 10th to May 27th; then to June 24th for notice; then by another justice to July 24th, and on the last named day, the justice decided "defendants notified," and judgment.

Were this but a statute or judgment *in rem,* i. e., entered up without notice, it would be good. *Marvin* v. *Wilkins,* 1 Aik. 107, was not like this—there, there had been no continuance; see

Comp. Stat. Chap. 29 § 57, 58. Where property is attached and the statute pursued, a judgment *without notice* is regular. It may be irregular to issue execution on such judgment without bond. Comp. Stat. Chap. 29 § 59. But the defendant's right of *review* does not depend on the bond. See Comp. Stat. Chap. 29 § 60, 61, 62, 63, 64. The bond indemnifies against the execution, but *is not a condition subsequent with power to effect the judgment.* If execution issue prematurely, it may be arrested by *audita querela. Johnson* v. *Harvey,* 4 Mass. 483.

On the 24th day of July the justice adjudged notice on the defendants proved. No imposition on the justice is pretended. It was strictly a judicial act. The justice may have erred in judgment; but *audita querela does not lie to correct error or mistake* of court. To sustain this action some improper conduct of the other party must be shown.

*The decision of the justice upon interlocutory questions is not open to examination in this action. Sutton* v. *Tyrrell,* 10 Vt. 87. *Griswold* v. *Rutland,* 23 Vt. 325. *Olcutt* v. *Peckett,* 4 Vt. 17.

The case in 22 Vt. 634, is not decisive of this cause, for many reasons, viz: In *Whitney & Titus* v. *Silver,* 22 Vt. 634, the judgment against Titus was void *as to him,* for want of jurisdiction; neither his individual property, nor the property in which he had a partnership, or any kind of interest was attached. He had no notice of the action, and his business relationship with Whitney would not justify the idea of his being bound by Whitney's acts, without, as the court expressed it, opening a door to frauds. In that case there was no interlocutory decision of the justice as to notice to Titus, nor did the record show that his associate defendant assumed to appear for him.

In this case, the property of the plaintiffs gave the justice jurisdiction. Every step was regularly taken. The judgment is in every respect strictly in compliance with the statute in such cases. Was there any necessity for a bond before issue of the execution? Not if notice was proved.

That notice to one partner is notice to all, see Colyer on Part. 238. In an action against partners notice to one of taking depositions, is sufficient. *Gilly* v. *Singleton,* 3 Littell 250. One partner may appear for the rest. Colyer on Part. 238. *Scott* v. *Larkin,* 13 Vt. 112. This may not strictly be a judgment, *in persona.*

The court had jurisdiction of the cause, but it may be said that it *had none of the defendants below.* The notice directed by our statute is not in the nature of a process to compel appearance, and submission to the jurisdiction of a court; but for the purpose of enabling the non resident defendant to protect his property from a proceeding *in rem.* If notified to the satisfaction of the court, execution may issue. If not notified, a bond shall be filed to indemnify against the execution. Where partnership property is attached on partnership debt, in equity, notice on one partner should be sufficient to render indemnity unnecessary. *Bissell* v. *Briggs,* 9 Mass. 462.

But the decision of the court cannot be examined into in this action, nor can any matter, proper for the court to pass upon, be questioned. If the sheriff return a writ served on the defendant, an *audita querela* will not lie on the ground of a *false return.* If the record shows that there was an appearance for the defendant, this action will not lie for any wrong of the party. *Dodge* v. *Haskell,* 1 Vt. 491. *Stone* v. *Seaver,* 5 Vt. 549. *Titlemore* v. *Wainright,* 16 Vt. 173. *Spaulding* v. *Swift,* 18 Vt. 214.

*J. W. D. Parker* for plaintiff.

The statute, Comp. Stat. 244 § 17, it seems to us settles this question in all respects. But the repeated decisions of this court, at all events, set it at rest. *Marvin* v. *Wilkins,* 1 Aik. 107, establishes the doctrine that the copy must be left with the defendant actually, at his last abode, if absent, with a person of sufficient discretion; if out of the state, then where the property was found when attached, or it will not be evidence of legal service; and not even *prima facie* evidence of notice; so that an actual appearance or independent proof of actual notice is necessary to cure the defect.

In the case at bar, the plaintiffs, then defendants, were both out of the state, and were partners—so a copy should have been left for each of them, which it is not pretended was done; no notice to Paige in any way was ever had or shown; nor copy left for him. Eastman is shown to have had notice of some sort, on the 8th day of May, in Boston, to appear at Bradford, May 10th. If this was notice, then the judgment should have been rendered on the 10th of May; a continuance after and from that day was a discontinuance of the suit as to him. *Smilie* v. *Runnels et al.,* 1 Vt. 148.

Eastman & Paige *v.* Waterman.

No recognizance was given, as required, when the judgment was finally entered, and execution issued, and the case finds all these doings were the acts of Waterman's attorney.

Statutes, (Comp.) 236 § 57, 58, 59. There was not any notice or pretence of any notice to Paige. *Spaulding et al.* v. *Swift,* 18 Vt. 214. *Alexander* v. *Abbott,* 21 Vt. 476. *Paddleford* v. *Bancroft et al.,* 22 Vt. 529. *Whitney* v. *Silver,* 22 Vt. 634.

The opinion of the court was delivered by

ISHAM, J. The writ on which the judgment was rendered in favor of Waterman against Eastman & Paige, was served by the attachment of property, and a copy left at the place where the property was attached, as the defendants were residents of Massachusetts, and had no known agent or attorney residing in this state. The Comp. Stat. 236 § 57, 58, renders it the duty of the justice, under such circumstances, to continue the case for a term not exceeding one month, for the purpose of notifying the defendants of the commencement and pendency of the suit; and in his discretion to grant further continuances, unless he is satisfied that such notice has been given. If notice *has not been given,* the justice, after the first continuance, may render judgment for the plaintiff by default. In such case, however, before execution can issue, a recognizance for review must be entered, otherwise the execution will be set aside on *audita querela. Whitney* v. *Silver,* 22 Vt. 634. But if notice *has been given* no such recognizance is required ; the judgment is final and conclusive, and the plaintiff is entitled to his execution on the judgment.

In the case now under consideration, the plaintiffs complain that a judgment in that suit was rendered against them, and that an execution was issued, without notice having been given to all the defendants of the commencement of the suit, and that no recognizance was given to refund whatever sum might be recovered by a writ of review. It is admitted that Eastman had notice of the suit, but the fact is found, by the introduction of parol testimony to that effect ; that no such notice was given to Mr. Paige, and for that reason the judgment and execution were vacated, and damages awarded. From the record of the justice it appears, that the suit before him was returnable on the 10th day of May, 1851, and was continued in order to notify the defendants of the pendency of the suit, and

by regular proceedings was further continued, for the same purpose, to July 24, 1851, when the justice adjudged, that notice of the pendency of the suit was given to both of the defendants, and the fact so adjudicated, appears on the face of his record in that suit. The question arises whether that record is conclusive in this action, on the question of such notice; or whether that record may be contradicted and impeached by parol evidence, showing that no such notice was given.

The case of *Pike* v. *Hill*, 15 Vt. 183, establishes a principle quite decisive upon that question. In that case it appeared from the record of the justice, that the suit before him was continued to the 22d of August, for the purpose of giving notice to the defendant of the pendency of the suit; and that on that day no notice was taken of the case, nor until the day following, when at the request of the plaintiff a further continuance was entered upon the record to the 12th of September—at which time judgment was rendered for the plaintiff by default. On the trial of the writ of *audita querela*, brought to set aside that judgment as having been rendered after a discontinuance of the suit by the neglect of the parties to appear on the 22d of August—it was held, that parol evidence was inadmissible, when offered by the plaintiff to show that he was present and appeared at that time, as its tendency was to contradict the fact certified and stated in the record of the justice. In delivering the opinion of the court in that case, the case of *Barnard* v. *Flanders*, 12 Vt. 657, was referred to, and approved, in which the record of the discontinuance of an action was held conclusive, in a suit against the justice; though he was directly interested to make, as was alleged he did, a false record. The principle decided in the cases of *Pike* v. *Hill*, and *Barnard* v. *Flanders*, renders parol testimony inadmissible, when offered for the purpose of contradicting the facts certified and stated by a justice in his record, whether the matter arises collaterally, or upon the writ of *audita querela* brought to set aside that judgment. In either case the principle applies, which has been frequently recognized in this state, that the records of a justice of the peace are conclusive evidence of the facts there stated, and judicially found, and can no more be impeached or contradicted by testimony *aliunde*, than can the records of any other court when

acting within the sphere of its jurisdiction. *Stone* v. *Proctor*, 2 D. Chip. 109. *Martin* v. *Blodgett*, 1 Aik. 379.

In the case of *Stone* v. *Proctor*, it was observed, " that justice's " courts were courts of record. If a justice of the peace should " refuse to record, or to certify his record of any cause by him " tried, of which he has jurisdiction, this court have power to com- " pel him, but when once the record is produced, it has the same " conclusiveness between the parties, as the record of any other " court." In this case, if the justice had neglected to record his proceedings, or to certify a full record of them, the performance of his duty in that respect, might have been enforced by direct proceedings against the justice. But if, instead of resorting to those proceedings to obtain a correct and full record, the party sees fit to meet the record as made by the justice, he must be bound by the facts there stated and certified. In such case, the record must be regarded as the only proper evidence in actions of this char- acter, or whenever the facts there stated arise collaterally between them, unless some provision by statute is otherwise made. That is the principle of the cases in this state, and it is the doctrine of the common law. *Brittain* v. *Kinard*, 1 Brad. & Bing. 432. *Mather* v. *Hood*, 8 Johns. 46. In all these cases, the testimony of the magistrate is as inadmissible as that of any other person, for the objection, is to the degree and competency of the testimony, and not to its credibility. It was so ruled in the case of *Nye* v. *Killam*, 18 Vt. 594, in which the court observed, " that parol evi- " dence of the magistrate should not have been received for the " purpose of *proving or supplying any part of the record*, or files " in the case." If the justice had stated in his record, the facts disclosed in his affidavit, the case would be different from that which now arises. But so long as the record of the justice remains as now certified, we must regard it as affording conclusive proof that notice of the pendency of the suit was given to both of the de- fendants in that action, and consequently that no recognizance for review was necessary in the case.

The fact being found by the justice, and stated in his record, that notice of the commencement of the suit was given to both of the defendants, the plaintiff was entitled to his judgment and execution, as a matter of legal right. The justice had no right to require or take a recognizance for review, after that record was

made; for that can be required only after the first continuance of the case, and where there is no record evidence that he was satisfied that notice had been given. If a recognizance had been taken it would have had no legal effect; the act of taking it by the justice would have been without judicial authority, as it was not required or authorized by any provision of the statute. A writ of review could not be sustained, so long as that record remained, and if brought, the difficulty arising from that statement in the record could not have been avoided by the testimony of the justice, or of any other person, showing that the record was incorrect, and that notice was not given. If the testimony would not be admissible in such a case, it ought not be received in this case; for it would be exceedingly inconsistent to vacate that judgment and execution under this writ, for the want of such recognizance, when the recognizance, if it had been given, would have been of no avail, and would have had no legal effect.

If the justice had not jurisdiction of the subject matter of the suit before him, or if the proceedings had been such that the suit was thereby discontinued, a judgment rendered under such circumstances would be vacated by this writ. *Crawford* v. *Cheney*, 12 Vt. 567. So too, if by the fraud of the party the defendant has been deprived of his day in court, this remedy may be had; for this writ is a remedial and equitable process, and relief is granted, not as acting upon the judgment of the court, but upon the wrongful and fraudulent acts of the party. *Little* v. *Cook*, 1 Aik. 363. When a judgment or a record of a justice has been obtained by fraud of the party, the judgment and the proceedings will be inquired into, under this writ. It was upon the application of these principles that the case of *Paddleford* v. *Bancroft*, 22 Vt. 535, was decided, to which we have been referred. This case, however, does not fall within those principles. The justice had jurisdiction of this case; the suit had not been discontinued by any informality in the proceedings before the magistrate; and from the facts stated in the record, the party was entitled to his execution on the judgment; neither has the defendant been deprived of his day in court by the fraud of the party. No such fact is found or stated in the case. Under such circumstances, there is no ground upon which to sustain this writ. The remedy of the party is to be found in another mode. Either by causing the facts

which he claims to exist to appear on the record of the justice, and then seek his relief in this form; or by a petition under the act granting relief where a judgment was obtained by fraud, accident or mistake; a remedy which was sought and obtained under circumstances precisely like the present in the case of *Mosseaux* v. *Brigham*, 19 Vt. 458.

If notice of the pendency of that suit had been given in fact to both of the defendants, it is not pretended that a recognizance was necessary, or that there would be any ground of complaint. So long, therefore, as a judicial record of that fact exists, made by a court having jurisdiction of the case, we are not permitted, in this manner, to go behind that record, and on the testimony of the magistrate, or any other person, to re-adjudge the matters' then judicially before him, and vacate the execution and judgment of that court.

There is no objection to the entry of the continuance being in the hand writing of the plaintiff's attorney, if they were granted by the court, and the entries adopted and assented to by the justice in placing his official signature to them. That the continuances were so granted, and the entries assented to, is distinctly stated in the case. Neither is this affected by the fact that but one copy was left in the service of the original writ. Those are matters that cannot be reached by the writ of *audita querela*.

The judgment of the County Court must be reversed, and judgment rendered for the defendant.