Filed Jan. 6, 1887.

———————◆———————

No. 12,696.

PHILLIPS *v.* LEWIS ET AL.

DRAINAGE.—*Judgment.*—*Pleading.*—Where an answer in bar of an action to recover a drainage assessment alleges facts showing that the drainage proceedings were void for non-compliance with the law in force at the time, a reply that the drain was established under a prior act which did not contain the requirements which had been violated, is bad where such act had been repealed before the proceedings were begun.

FORMER ADJUDICATION.—*Irregularities.*—*Estoppel.*—*Pleading.*—Where an answer pleads a former adjudication of the matters in issue, a reply attacking the validity of the judgment in the former action, on the ground of mere irregularities and errors which are not sufficient to render it void, is bad.

SAME.—*Presumption of Regularity of Judgment.*—Where a former adjudication is pleaded, it will be presumed, in the absence of an affirmative showing to the contrary, that the record of such adjudication is regular and free from error.

From the Grant Circuit Court.

*J. Brownlee,* for appellant.
*A. Steele* and *R. T. St. John,* for appellees.

HOWK, J.—This was a suit by appellant, and one James Hoggart, against the appellees, to recover the amount claimed to be due upon a certain ditch assessment, alleged to have been made on the 5th day of October, 1868, against certain real estate, in Grant county, then owned by one William L. Noble. Before any steps were taken in the case, the record shows that on motion of plaintiff, James Hoggart, the cause

as to him was dismissed. Appellees jointly answered, in four paragraphs, and also filed their cross complaint herein. Appellant's demurrer was overruled as to the first and third paragraphs, and sustained as to the second and fourth paragraphs, of appellees' answer to the complaint. Appellant answered appellees' cross complaint, in three paragraphs, and also filed replies to the first and third paragraphs of appellees' answer to his complaint. Appellees' demurrer was sustained to the first and third paragraphs of appellant's answer to their cross complaint; and their demurrer was also sustained to the first and third paragraphs of appellant's reply to the first and third paragraphs of their answer to appellant's complaint. It is then shown by the record, that appellant withdrew the second and fourth paragraphs of his answer to the cross complaint, and also the second and fourth paragraphs of his reply to appellees' answer, "electing to stand by his pleadings notwithstanding the demurrers." The court then adjudged that appellant take nothing by his suit herein, and that appellees recover of him their costs; and from this judgment this appeal is now here prosecuted.

In this court, appellant has assigned a number of errors. But it is manifest, from the foregoing abstract of the record, that the only decisions of the court below, which were adverse to him, were the sustaining of appellees' demurrer to the first and third paragraphs of his reply to appellees' answer to his complaint, and the sustaining of appellees' demurrer to the first and third paragraphs of his answer to their cross complaint. The last of these rulings, even if erroneous, was harmless to the appellant, because, as shown by the record, the appellees failed to recover upon their cross complaint herein. So that the only error assigned by appellant upon the record of this cause, which we are required to consider and decide, is the error of the court in sustaining appellees' demurrer to the first and third paragraphs of his reply to the first and third paragraphs of their answer to his complaint herein. The first paragraph of reply is addressed to the first.

paragraph of answer, and the third paragraph of reply is addressed to third paragraph of answer.

In the first paragraph of their answer, appellees admitted that, in 1868, appellant and James Hoggart petitioned the board of commissioners of Grant county for the drainage of certain lands, named in such petition; that an order was made by such county board granting the prayer of such petition; that such board then pretended to appoint Henry Stugart, Benjamin Glessner and Eli T. Hunt, appraisers to assess the benefits and damages, likely to result to the lands described; that said appraisers pretended to make and return an assessment of such benefits and damages, which assessment was filed with the complaint herein, and that the land in the complaint named was owned by William L. Noble, who was a non-resident of Grant county; and appellees averred that they were the owners of such land and derived their title thereto by and through said William L. Noble, who was their remote grantor; that the aforesaid petition and order of the county board, and all the proceedings thereunder, were and continued to be wholly void, because said petition failed to locate or indicate the course and terminus of the ditch or drain so petitioned for; that the order of the county board to the aforesaid appraisers did not locate or indicate any course or terminus of such ditch or drain. Wherefore appellees said that such proceedings were void, and they denied each and every allegation in the complaint, not admitted in this paragraph of answer, and demanded judgment for costs, etc.

In his reply to the foregoing paragraph of answer, appellant alleged that the ditch, named in his complaint and proceedings, was ordered, allowed and established by the board of commissioners of Grant county, at its September term, 1868, which was so done and ordered according to the provisions of the law, approved March 7th, 1863; and after setting out a description of the beginning, courses, distances and terminus of the ditch or drain, appellant again alleged

that the ditch or drain was, in all things, done, allowed, located, constructed and the assessments made, in accordance with the provisions of such law of March 7th, 1863; that each and all of the assessments for the construction of such ditch, referred to in his complaint, had been fully paid and satisfied, except the assessment on the land of William L. Noble, which was then the land of appellees who purchased the same, knowing that said assessment had been made and recorded, as stated in the complaint herein; that such ditch benefited their land much more than the amount of such assessment, and that such assessment was unpaid and a valid lien on their land; that William L. Noble knew that the ditch was so located, and that appellant was constructing the same, and made no objection thereto and agreed to pay his assessment therefor, all of which was due appellant, and James Hoggart had no interest therein.    Wherefore, etc.

We are of opinion that the court did not err in sustaining appellees' demurrer to the foregoing reply.    The paragraph of answer, to which the reply was pleaded, stated in bar of appellant's action the fact that the ditch proceedings, mentioned in the complaint, were wholly void, because neither the petition to, nor order of, the county board located or indicated either the course or terminus of said ditch or drain. The substance of appellant's reply to this defence is, that the ditch proceedings mentioned were had, and the ditch was constructed, under and in accordance with the provisions of the drainage act of March 7th, 1863, which did not in terms require that either the petition, or the order of the county board, should locate or indicate the course or terminus of such ditch.

The difficulty with this reply, and it is one which can not be obviated by any averment, is, that when the ditch proceedings mentioned were instituted, in September, 1868, the drainage act of March 7th, 1863, was no longer in existence; but it had been superseded and repealed, expressly or by impli-

cation, by the drainage act of March 11th, 1867, which latter act, by force of an emergency declared, took effect and was in force from and after its passage.  The titles of the two acts were substantially the same, and the later act certainly covers the whole subject-matter of the older law, and adds new provisions, some of which are inconsistent with those of the older law.  *Longlois* v. *Longlois*, 48 Ind. 60; *Deisner* v. *Simpson*, 72 Ind. 435; *Wagoner* v. *State*, 90 Ind. 504.  Besides, the act of March 11th, 1867, expressly repealed all laws, or parts of laws, in conflict with any of the provisions of such act.

The act of March 11th, 1867, was in force when appellant's ditch proceedings were begun and had, and was then the only law of this State authorizing any such proceedings. It is certain, we think, that the petition of appellant and Hoggart for the ditch did not conform to the requirements of the act of March 11th, 1867, and was not sufficient to give the board of commissioners of Grant county jurisdiction of the subject-matter of such ditch.  It follows, therefore, that all of such ditch proceedings, which were the foundation of appellant's supposed cause of action herein, were absolutely void, and they can not be rendered valid by the averment that they were had under the provisions of a law which had been superseded and repealed eighteen months before they were begun.  The demurrer to the foregoing reply was correctly sustained.

In the third paragraph of their answer to the complaint, appellees made the same admissions, and none other, in regard to the ditch proceedings, as they made in the first paragraph of their answer, the substance of which we have heretofore given in this opinion; and they then averred that afterwards, at the fall term, 1870, of the court below, appellant herein and James Hoggart prosecuted an action against William L. Noble, who was then the owner of the land mentioned in the complaint herein, and was the remote grantor of appellees, for the benefits assessed against such land, which

were the same benefits and demands named and sought to be recovered in this action, and none other; that the aforesaid action was prosecuted to final judgment, and therein William L. Noble recovered a judgment against appellant Phillips and said Hoggart for his costs, and the plaintiffs therein took nothing by their suit, which said judgment remained of record in the proper order-book of said court; and that appellees herein were the remote grantees of William L. Noble, and held said land under his title and from him. Wherefore appellees said that the matters and things in appellant's complaint herein had been and were, in the aforesaid cause, fully adjudicated, and they demanded judgment for costs, etc.

In his reply to the foregoing paragraph of answer, appellant said that the cause referred to, in such answer, was not a final determination of the cause, and was not a bar to his prosecution and recovery in this cause, because he admitted that he so commenced a suit, in the court below, against said Noble, to recover said assessment and pay for so constructing said ditch, to which suit said Noble appeared and answered by general denial; that the cause being at issue, appellant demanded a trial by jury, which was duly empanelled and sworn to try the cause; that after appellant had submitted his evidence, said Noble filed his demurrer to the evidence and failed to make the evidence a part of his demurrer, and asked that the cause be withdrawn from the jury and submitted to the court; that in such demurrer, appellant failed to join, nor did he consent, in any way, to the withdrawal of the cause from the jury; and because the only judgment rendered in the aforesaid suit was, that plaintiffs therein should pay the costs.

It is very clear, we think, that the court committed no error in sustaining appellees' demurrer to the foregoing reply. In such reply appellant makes a collateral attack upon the validity of the former adjudication, pleaded by appellees in bar of his present action. He has stated in his reply certain defects, irregularities, and, perhaps, errors in such former adjudication, but, of these, there is not one which he could not

have been relieved from by an appeal to this court, and none, certainly, which would render the adjudication absolutely void, where, as here, it is attacked collaterally. In such a case, unless the former adjudication be shown to be void, it will constitute a good and complete defence in bar of any other suit for the same cause of action. The principal grounds upon which appellant claimed, in his reply, that the former adjudication was not a sufficient bar to the prosecution of his pending suit, were, that he had failed to join in the demurrer to the evidence, and that he had never consented, in any way, to the withdrawal of the cause from the jury. It will be observed, that appellant has failed to aver, in his reply, that either of these grounds was shown by the record of the former adjudication. In the absence of such an averment, we must presume that the record of the former adjudication is regular and formal, and free, even, from apparent error, and that none of the facts alleged by appellant, against the validity of such adjudication, are shown by the record thereof. This is the doctrine of many of our decided cases. *Reid* v. *Mitchell,* 93 Ind. 469; *Dowell* v. *Lahr,* 97 Ind. 146; *McCaslin* v. *State, ex rel.,* 99 Ind. 428; *Exchange Bank* v. *Ault,* 102 Ind. 322; *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486; *Cassady* v. *Miller,* 106 Ind. 69; *Pickering* v. *State, etc.,* 106 Ind. 228.

The facts stated in the reply were not sufficient to show that the former adjudication was invalid and void, and, therefore, the demurrer to the reply was correctly sustained.

The judgment is affirmed, with costs.

Filed Dec. 10, 1886; petition for a rehearing overruled Jan. 7, 1887.