## DEXTER GILBERT v. EDWARD J. VAIL.

*Insolvent Law.* R. L. ss. 1860, 1966. *Chattel Mortgage.*

1. CHATTEL MORTGAGE. A chattel mortgage executed more than four months, but recorded only ten days, before the filing of a petition in insolvency against the mortgagor, is valid. R. L. ss. 1860, 1966.

1. AFFIDAVIT. An affidavit in a chattel mortgage is sufficient, which states that the mortgage was made "for the purpose of securing the *debt* specified in the condition thereof," where the condition showed that the mortgage was given to secure the mortgagee against liability as an endorser for the mortgagor.

3. JURAT. In an action of replevin between the representative of the mortgagee and the vendee of mortgagor's assignee, involving the validity of a chattel mortgage, the *jurat* annexed to the affidavit, is conclusive as to whether the parties to the mortgage were sworn.

4. EVIDENCE. It was not error to reject evidence that the notes endorsed by the mortgagee had been proved against the insolvent estate before he had taken them up.

5. ESTOPPEL. Evidence was offered to show that the plaintiff, just before the mortgage was recorded, told the mortgagee that he must abandon his mortgage, and that he replied that it was good for nothing, as it had not been recorded; *Held,* that the offer lacked several of the essential elements of an estoppel *in pais* as it was not proved that the plaintiff performed any act in reliance upon the reply; and there was no error in rejecting it.

REPLEVIN. Trial by court, Rutland County Court, March Term, 1887, TAFT, J., presiding. Judgment for the defendant for a return of the property and $70 damages and his costs. The defendant was the constable of the town of Pawlet. The mortgagee, Whitcomb, after the sale of the cows in contention by the assignee, put his chattel mortgage into the defendant's hands, and directed him to take the cows; and thereupon he did take said cows by virtue of the mortgage, and was proceeding to advertise and sell the same according to the provision of the statute when they were replevied. The fourth exception states: "The plaintiff also produced the files and

records of the Court of Insolvency for the District of Rutland,
and offered to show that both said notes described in said
mortgage were proved against the insolvent estate of O. J.
and O. E. Train by the persons who owned and held them at
the time of the first meeting of creditors in said proceedings,
and before said Whitcomb paid said notes. The defendant
objected, and the court excluded the testimony, to which the
plaintiff excepted."

The other facts are sufficiently stated in the opinion of the
court and headnotes.

*D. E. Nicholson* and *J. C. Baker*, for the plaintiff.

The assignment, under order of the court, vests in the as-
signee all the property of the debtor. R. L. s. 1820. All
fraud and collusion by which one creditor procures an advan-
vantage are set aside. R. L. s. 1860-1. These cows could
have been taken on exception against the debtors. R. L.
s. 1180. Hence they vested in the assignee. The mortgage
is void unless it has relation back to the day when it was
made. R. L. ss. 1861, 1966.

This case is the best illustration of the fallacy of allowing a
party to take a secret conveyance and keep in his pocket until
the four months have expired and then putting forth the claim
of a perfect title. It nullifies the law, if the very collusion and
fraud which it condemns may be made the instrument for the
protection of fraudulent preferences.

This cannot be allowed in the face of the statute declaring
that such a mortgage shall not be valid until recorded.

The fact that both mortgagee and mortgagor are in collusion
to defraud all others, and act with that direct intent, no way
gives legal validity to their work.

The affidavit was not such as the law requires. R. L. s.
1969; *Tarbell* v. *Jones*, 56 Vt. 312; Jones Chat. Mort. ss. 36,
37. It does not describe the liability secured. As to what
an affidavit is see 1 Rapal. & L. Law Dic. 36.

An oath requires some ceremony. It cannot be taken in

silence. 1 Phil. Ev. 15, 17; 1 Greenl. Ev. s. 328; 1 Best Ev. ss. 56, 58; *State* v. *Trask*, 42 Vt. 152. The certificate of the justice is not conclusive. *Hubbard* v. *Dewey*, 2 Aik. 316; *Taylor* v. *Holcomb*, 2 Tyler, 344; *Morey* v. *McGuire*, 4 Vt. 327; *Lemmington* v. *Blodgett*, 37 Vt. 210; *Benedict* v. *Heinberg*, 43 Vt. 236. The same is true of officers' returns. *Hathway* v. *Goodrich*, 5 Vt. 65; *Stanton* v. *Hodges*, 6 Vt. 66; *Barrett* v. *Copeland*, 18 Vt. 67; *O'Reilly* v. *People*, 86 N. Y. 154. The plaintiff cannot be estopped to inquire as to whether the oath was actually taken, as he was not a party to the mortgage.

*Lawrence & Meldon*, for the defendant.

The *jurat* was conclusive. It is a matter of record and cannot be impeached by parol in a collateral proceeding. The mortgage was seasonably made and recorded. *Folsom* v. *Clemence*, 111 Mass. 273; *In re Wynne*, 4 B. R. 23; *Seaver* v. *Spink*, 8 B. R. 218; *Cragin* v. *Carmichael*, 11 B. R. 511; *Gibson* v. *Warden*, 14 Wall. 244; Bump, Bankruptcy, 815.

In construing the affidavit reference may be had to the condition of the mortgage as set forth; and if by such reference the affidavit fairly sets forth the obligation assumed, it is sufficient. *Gardner* v. *Parmelee*, 31 Ohio, 551.

Opinion of the court was delivered by

Ross, J. The controversy is in reference to the title and right to the possession of fourteen cows. The plaintiff claims title by reason of a purchase at the sale by the assignee in insolvency of O. J. & O. E. Train, and the defendant, the representative of Austin S. Whitcomb, by virtue of a chattel mortgage from the Trains. The sale by the assignee was of the whole title to the cows. It was not a sale of the equity of the Trains, regarding the mortgage to Whitcomb as a subsisting lien. None of the provisions of the statute regulating the sale of the equity of the Trains, or of their assignee, in the property, was complied with. It was a sale in defiance of Whit-

comb's rights, or lien upon the property. The plaintiff's title must stand upon the grounds on which the assignee proceeded in making the sale; that is, treating the mortgage to Whitcomb as absolutely void as against the assignee in insolvency. Hence, the principal question is, was that mortgage void as against the assignee in insolvency? The County Court has found that the mortgage was made more than four months prior to the filing of the petition in insolvency, but that it was recorded only ten days before the petition in insolvency was filed. The court has also found that the Trains were insolvent at the time they executed and delivered the mortgage; that it was executed to give a preference to Whitcomb; that Whitcomb then had reasonable cause to believe the Trains insolvent; and that the mortgage was in fraud of the laws relating to insolvency. Hence, the mortgage, if made within four months of the petition of insolvency would be void. It is also found that Whitcomb before the making of the mortgage had endorsed two notes for the Trains, amounting to two thousand dollars, which were then outstanding, and that the mortgage was made to secure Whitcomb against the liability which he had incurred, and was then under, by reason of having indorsed these notes. The plaintiff urges several objections against the validity of this mortgage.

I. He contends that it was invalid, because it had not been recorded for four months before the filing of the petition in insolvency. The answer to this objection is, that the statute does not require such record to be made for four months before the filing of the petition in insolvency. Sec. 1860, R. L., only requires that the mortgage shall have been *made* four months, or more, before the filing of the petition in insolvency. Sec. 1965, R. L., authorizes the making of mortgages of all personal property. Sec. 1966, R. L., declares that such mortgages " shall not be valid against any person except the mortgagor, his executors and administrators," unless possession is taken of the property, or the mortgage is duly recorded. Sec. 1860 of the insolvent law of this State, under which this

mortgage must be held invalid, if at all, is almost a verbatim copy of section 89 of the Massachusetts insolvent law, and of sec. 5188 U. S. R. L. of the late Bankrupt Law. These had received judicial interpretation before the passage of our insolvent law; and it is fair to presume that the legislature enacted sec. 1860 understanding that it had received judicial construction. It had been repeatedly held in the administration of the U. S. Bankrupt Law, that the preference declared to be in fraud of the law if made within the time limited, was not fraudulent if made before the time limited, and that deeds of trust and mortgages executed prior to, but recorded within, the four months before the commencement of the proceedings in bankruptcy were valid. See authorities cited pp. 796-7 (8th ed.) Bump's L. & P. of Bankruptcy; Jones Chat. Mort. s. 364. It is questionable whether under the decisions of the United States Supreme Court the assignee would take more than the equity of the mortgagor in the property, if the mortgage had remained unrecorded. *Stewart* v. *Platt,* 101 U. S. 731, (325 L. ed. 816.) By sec. 1966, such mortgage, unrecorded, is valid against the mortgagor, his executors and administrators. There is considerable force in the argument that an assignee in insolvency is, in legal effect, an executor or administrator of the estate of a deceased business man, and takes as absolutely and limitedly the rights of the insolvent as an executor or administrator does those of the intestate, and no more or greater rights. But as the mortgage to Whitcomb was recorded before the commencement of the proceeding in insolvency, under sec. 1966, it was valid against the creditors of the insolvents, as well as against them. This objection to the mortgage is not sustained.

II. The plaintiff further contends, that the mortgage is invalid because the affidavit required by the statute was not made by the mortgagors and mortgagee, in that it does not properly describe the liability of the mortgage which was intended to be secured. The condition of the mortgage states with sufficiency and precision, that the mortgage was to secure

Whitcomb against the liability incurred by reason of having endorsed the insolvents' two notes which are described. The affidavit is that the "mortgage is made for the purpose of securing the debt specified in the condition thereof." The plaintiff contends there is no debt to Whitcomb described in the condition of the mortgage. Technically, this contention is true. Yet no reasonably intelligent person, on reading the affidavit, and then the condition of the mortgage, which is referred to for a description of the debt secured, would entertain a doubt of the intention of the parties to the mortgage, or, that it was intended to secure Whitcomb against the liability which he had incurred for the mortgagors by endorsing the notes described. In its broad sense, debt means duty, or what one owes to another. The Trains owed Whitcomb the duty to save him from the payment of notes described, and to secure the performance of this duty, or debt, the mortgage was executed. We think the affidavit is sufficient.

III. The plaintiff called the justice, who signed the *jurat* to the affidavit to the mortgage, and, after having him recognize his signature, and answer certain inquiries, asked him "if he administered any oath to any of said parties, or if either Orange J. Train, Orange E. Train, or said Whitcomb, were sworn to said affidavit." This inquiry was objected to and excluded by the court against the plaintiff's exception. Neither the ground of the objection, nor exclusion is stated. But we think the exclusion may well be upheld upon the ground that the certificate was the record of the justice of the peace of an official act required by law to be done, and to be recorded upon the mortgage, and was conclusive evidence of the fact certified and recorded, at least between the parties to the mortgage, and their privies. The plaintiff is a privy to the record through the assignee and the Trains who were the mortgagors. It is like the record of a recognizance. *Beech* v. *Rich*, 13 Vt. 595. It has often been held that parol evidence cannot be admitted to vary, or alter the records of a justice of the peace, whether the matter arises collaterally, or upon the

Gilbert *v.* Vail.

writ of *audita querda* brought to set aside the judgment, and, if at all, only in a proceeding to correct the record. *Eastman & Page* v. *Waterman*, 26 Vt. 494.

IV. It is evident that Whitcomb could not be affected by the proof of the notes by their owners, against the insolvents, before he had taken them up as the endorser. It was not, therefore, error in the County Court to reject such offered proof.

V. The offered testimony of what the plaintiff told Whitcomb about his mortgage, and of Whitcomb's reply, was properly excluded. It was not shown, nor offered to be shown, that Whitcomb's reply was made to induce, or under circumstances which ought to have led him to suppose it would induce, any action by the plaintiff in reliance upon it; or, that the plaintiff performed any act in reliance upon his reply. Hence, the offer lacked several of the essential elements of an estoppel *in pais.* The result is, that we find no error in the proceedings of the County Court, and the judgment of that court is affirmed.