YOUNGSTOWN BRIDGE CO. v. KENTUCKY & I. BRIDGE CO. et al.
(TREASURER OF FLOYD COUNTY, Intervener).

(Circuit Court, D. Indiana. November 21, 1894.)

No. 8,918.

TAXATION—VALIDITY OF ASSESSMENT—INDIANA STATE BOARD.

The Indiana state board of tax commissioners, having jurisdiction to hear evidence and decide what property is assessable, determine its value for the purpose of taxation, and assess property within the limits of the state, made an assessment upon the property of a bridge company owning a bridge across a river between that state and an adjoining state. *Held*, that such assessment was not void because the board had, by mistake, erroneously included in such assessment a portion of the bridge actually within such adjoining state.

Suit in equity by the Youngstown Bridge Company against the Kentucky & Indiana Bridge Company and others. The treasurer of Floyd county, Ind., filed an intervening petition, asking that the receivers of the defendant corporation be directed to pay certain taxes alleged to be due from such corporation. The receivers filed an answer to the petition. Upon exceptions to this answer

Miller, Winter & Elam, for intervening petitioner.

Bennett H. Young, for receivers of defendant Kentucky & I. Bridge Co.

BAKER, District Judge. The treasurer of Floyd county, in the state of Indiana, filed his intervening petition in the above-entitled cause, asking that the receivers of the Kentucky & Indiana Bridge Company be directed to pay to him, as such treasurer, the sum of $5,693.13, being the amount due from said bridge company for state and county taxes. The receivers, answering the intervening petition, allege that the taxes were not lawfully assessed upon the property of the bridge company, because the principal part of its property so assessed, consisting of a bridge across the Ohio river, with its approaches and appurtenances, is located in the state of Kentucky, and that the assessment was made in a lump sum upon its property in both states. It is insisted for the receivers that the assessment is void, if not in whole, at least pro tanto, because the state board of tax commissioners were not, and could not be, clothed with power to make a valid assessment upon the property of the bridge company located in the state of Kentucky. For the petitioner, it is insisted that the state board of tax commissioners is given jurisdiction to assess all property of the kind here assessed, within the limits of the state, and to hear evidence, and determine its value for the purposes of taxation, and that its determination is final and conclusive, in the absence of fraud.

It is the settled law of this state that the state board of tax commissioners is not a judicial tribunal, within the meaning of the constitution, and that it has only such quasi judicial powers as are possessed by every public officer vested with discretionary power; but when, in the exercise of its quasi judicial power, it has fixed the value of property falling within its jurisdiction, and has assessed such

property, its action in that behalf is final, and cannot be avoided or set aside, except for fraud on the part of the board. Railway Co. v. Backus, 133 Ind. 513, 33 N. E. 421. Upon its face, the assessment in question appears to be within the jurisdiction of the board. It professes to be an assessment made upon the property of the bridge company in Floyd county, in the state of Indiana. It is conceded that a portion of the property assessed is located in the state of Indiana, but it is insisted that the board did not confine its assessment to the property in this state, but included therewith property of the bridge company located in Kentucky. The precise question for decision, then, comes down to this: The board, professing to assess property in this state, by mistake, erroneously assessed some portion of the bridge property actually located in Kentucky as though located within the state of Indiana. Jurisdiction is the power to hear and decide. The board is vested with the power to hear and decide, not only on the value of taxable property, but it must necessarily have the power to hear and decide what property is properly assessable. Its decision is no more void when it decides erroneously than when it decides correctly. It is of the essence of the power to hear and decide that the determination may be erroneous as well as correct. To hold that jurisdiction is lost because of an erroneous decision would be to overturn principles as ancient and venerable as the law itself. Before the board can lawfully fix an assessment, it must determine that the property about to be assessed is the proper subject of assessment, and also the value which ought to be placed upon it for purposes of taxation. The determination of the one is not more within its rightful jurisdiction than the determination of the other. Every fact necessary to support the decision of the board is as conclusively settled against collateral attack as though expressly found by it. "Absolute nullities in judicial proceedings," says the supreme court of Louisiana in Stackhouse v. Zuntz, 36 La. Ann. 529, 533, "are such as result from radical defects, omissions, and irregularities appearing on the face of the record, and are not dependent on matters en pais to be established aliunde." So the doctrine that a judgment appearing to be valid on its face cannot be contradicted by evidence aliunde, or by matters dehors the record, has been expressly decided in Indiana, in Earle v. Earle, 91 Ind. 27, 42; Phillips v. Lewis, 109 Ind. 62, 68, 9 N. E. 395; Kingman v. Paulson, 126 Ind. 507, 26 N. E. 393; in Colorado, in Hughes v. Cummings, 7 Colo. 203, 2 Pac. 928; in Missouri, in Scott v. Crews, 72 Mo. 261, 263; in Tennessee, in Byram v. McDowell, 83 Tenn. 581, 585; Stanley v. Sharp, 48 Tenn. 417; in Vermont, in Beech v. Rich, 13 Vt. 595; in Wyoming, in Ex parte Bergman, 26 Pac. 914, 919. And the supreme courts of Illinois and Vermont have ruled that it cannot be controverted by plea. Wellborn v. People, 76 Ill. 516; Beech v. Rich, supra. As taxing officers act judicially, and have general and exclusive jurisdiction over assessments for purposes of taxation, an error in assessing exempt property does not render the assessment void. So it was held in Louisiana concerning an assessment on a schoolhouse owned by a church which was exempt by law. First Presbyterian Church v. City of New Orleans, 30 La. Ann. 259. It

was held in Minnesota that a tax judicially assessed is not void because the land was exempt (County of Chisago v. St. Paul & D. R. Co., 27 Minn. 109, 6 N. W. 454); and the same ruling was made in England in respect to an assessment of a poor rate to the occupier of land, exempt because it belonged to a literary society (Birmingham v. Shaw, 10 Adol. & E. [N. S.] 868, 880, 59 E. C. L. 867, 879). The record of the state board of tax commissioners cannot be contradicted, varied, or explained by evidence aliunde, touching any matter whose decision is committed to it, any more than can the record of a court of general jurisdiction. Railway Co. v. Backus, *supra.* And it is clear, beyond dispute, that among the things expressly committed to it is the determination of what property is properly subject to assessment by it. This is the first question which it must determine in the exercise of its jurisdiction. Some tribunal must be intrusted with this power, and the legislature has confided it to a board composed of the most eminent personages in the state. The power is an important and delicate one, which cannot be administered with unerring certainty in every case, but its determinations are as likely to be unmixed with error and partiality as any other tribunal to which these questions could be committed. In the absence of fraud, the citizen who is aggrieved by its erroneous judgments must submit, without remedy. It follows that the answer is insufficient.