## WALDO POTTER *v.* E. G. FOSS.

### May Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

### Opinion filed October 7, 1925.

*Chattel Mortgages—Affidavit.*

Where purpose of mortgage as stated in its condition was to secure payment of a specified promissory note and also "any and all sums of money now due, or which may hereafter become due" from mortgagor to mortgagee, "on any and all forms of indebtedness according to the tenor and effect thereof," affidavit stating that mortgage was made for the purpose of securing debt and performance of duty specified in the conditions thereof, "and that the same is a just debt and duty honestly due, and owing from the mortgagor to the mortgagee," did not conform to the purpose of the mortgage, and did not verify the truth, justice, and validity of the debts sought to be secured thereby, and notes made after execution and delivery of mortgage were not within its scope.

ACTION OF TORT for conversion. Plea, general issue. Trial by jury at the September Term, 1924, Orleans County, *Graham*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Dean LaFountain, R. W. Hulbard,* and *Walter H. Cleary,* for the defendant.

The affidavit of mortgage conforms to the requirements of G. L. 2788-2790. *Gilbert* v. *Vail,* 60 Vt. 621; *Enright & Fitch* v. *Amsden,* 70 Vt. 183; *Herald & Globe Assn.* v. *Clere Co. et al.,* 86 Vt. 141.

*W. W. Reirden* for the plaintiff.

Affidavit and certificate of oath properly signed are essential to validity of mortgage and with it constitute one instrument for record. *Hunt* v. *Allen,* 73 Vt. 322; *Bean* v. *Parker,* 89 Vt. 532.

The oath must conform to the purpose of the mortgage, and verify the truth, justice, and validity of the debt, or other agreement or liability sought to be secured thereby. *Tarbell* v. *Jones,* 56 Vt. 312, 317; *Sherman* v. *Estey Organ Co.,* 69 Vt. 355, 358; *Boice* v. *Conner* (N. J. Eq.), 35 Atl. 402; *Nichols* v. *Bingham,* 70 Vt. 320, 326; *Herald & Globe Assn.* v. *Clere Co.,* 86 Vt. 141, 144; *Bean* v. *Parker,* 89 Vt. 532, 540.

WATSON, C. J.   This is an action of tort for the alleged conversion of certain hay covered by a chattel mortgage executed and delivered by one George B. Bailey to the plaintiff on August 14, 1922.   The hay was in Bailey's barn when this mortgage was given.   The mortgage is marked in this case as Plff's Ex. 1.

Prior to the execution and delivery of the above mentioned mortgage and on July 3, 1922, Bailey executed and delivered a chattel mortgage to defendant Foss, on the same hay.   This mortgage was properly recorded, and is marked Deft's. Ex. A. The condition in the mortgage was as follows: "Upon condition that if the said George B. Bailey or any one for him shall well and truly pay or cause to be paid one certain promissory note, for the sum of $110.00 Dollars, executed the 3rd day of July, 1922, by the said George B. Bailey and payable to E. G. Foss or order, according to the tenor and effect thereof; and shall keep all said property in good condition and repair at all times; and shall pay or cause to be paid any and all sums of money now due, or which may hereafter become due from me to the said E. G. Foss on any and all forms of indebtedness according to the tenor and effect thereof, then this instrument shall be null and void, otherwise of full force and virtue."   This mortgage has appended to it an affidavit made and subscribed by the mortgagor and mortgagee, on the same day, reading as follows:   "We severally swear that the foregoing mortgage is made for the purpose of securing the debt and performance of duty specified in the conditions thereof and for no other purpose whatever, and that the same is a just debt and duty honestly due, and owing from the mortgagor to the mortgagee."

On February 26, 1923, the defendant caused the hay, covered by the mortgage last named, to be sold by a public officer under the provisions of the statute, in such case made and provided, to satisfy his mortgage, and this suit is for the claimed conversion of the hay by such sale.   No question is made concerning the

mode of procedure in effecting the sale. But plaintiff claimed and defendant admitted that, at the time of the sale, the note for $110.00, described in the condition of the mortgage, had already been paid.

Claiming that the mortgage also stood as security for the payment of future indebtedness to him by the mortgagor, the defendant offered in evidence six notes marked for identification "Deft's B" to "G" inclusive, and also offered to show a sale of the hay on the mortgage for the purpose of collecting the six notes thus offered. The evidence last offered seems to have been a certified copy of the officer's return of his doings in making the sale, etc., which was marked for identification "Deft's H." The offers were excluded on the ground that the notes were not within the scope of the mortgage and defendant excepted.

The notes so offered and excluded were all dated at Morrisville, Vt., were all signed by George B. Bailey and, with one exception, were all payable to E. G. Foss (defendant) on demand with interest annually. Each will be mentioned by its identifying letter: B, dated July 3, 1922, for $100.00; C, dated September 23, 1922, was a conditional sales note for $150.00, on which was an indorsement of $25.00 under date of September 24, 1922; D, dated December 27, 1922, for $25.00, payable to the Union Savings Bank and Trust Company of Morrisville, in two months from its date, and signed not only by Bailey, but by E. G. Foss, surety; E, dated November 24, 1922, for $75,00; F, dated September 6, 1922, for $220.00; and G, dated February 6, 1923, for $25.00. Each note bears proper United States documentary stamp or stamps.

It will be observed that note B bears the same date as does the mortgage (Deft's. Ex. A), but no claim is made that it was in existence when the mortgage was executed and delivered, and nothing appears showing for what it was given. It will therefore be treated in disposing of the exception, like the other five notes, as an obligation entered into after the execution and delivery of the mortgage. We also treat them all alike for such purpose, notwithstanding note D was not, by its terms, payable to the bank until after the day on which the hay in question was sold.

These notes, if covered at all by the condition of the mortgage, fall within the clause: "Which may hereafter become due from me to the said E. G. Foss on any and all forms of indebted-

ness according to the tenor and effect thereof.'' The words ''any and all forms,'' having reference to future indebtedness, are most comprehensive and indefinite. They include any kind of indebtedness that might arise in connection with business transactions wholly originating in the future, and not even thought of by the mortgagor or mortgagee at the time the mortgage was executed; they also include any indebtedness that might arise by way of a judgment recovered by the latter (for instance) for personal injuries suffered by him by reason of future negligence of the former when driving his automobile on a public highway.

The foregoing should suffice to convince one that the affidavit appended to the mortgage (Deft's. Ex. A) does not conform to the purpose of the mortgage, and does not verify the truth, justice, and validity of the debts sought to be secured thereby, (other than the note for $110.00, described in the condition,) wherein it says they are just debts, ''honestly due and owing from the mortgagor to the mortgagee.'' There was no error, therefore, in the ruling of the court, excluding the six notes offered in evidence. *Nichols* v. *Bingham,* 70 Vt. 320, 40 Atl. 827; *Herald & Globe Ass'n* v. *Clere Clothing Co. et al.,* 86 Vt. 141, 84 Atl. 23; *Bean* v. *Parker,* 89 Vt. 532, 96 Atl. 17. The notes not being admissible in evidence, it must follow that the officer's return, as to the sale of the hay for the purpose of collecting them, was for the same reason properly excluded.

Defendant cites *Gilbert* v. *Vail,* 60 Vt. 261, 14 Atl. 542, *Enright* v. *Amsden,* 70 Vt. 183, 40 Atl. 37, and *Herald & Globe Ass'n* v. *Clere Clothing Co. et al., supra,* as cases supporting his contention in the instant case; but in each of those cases it was held that the affidavit substantially conformed to the purpose of the mortgage, and verified the truth, justice, and validity of the debt or other liability sought to be secured thereby—elements which, as before observed, are not found in the affidavit appended to the mortgage now in question, except as to the note for $110.00, described in the condition.

*Judgment affirmed.*